JOSIAH ALLIS *vs.* JAMES MORTON & another.

An appointment of a guardian of an insane person whose former guardian has deceased cannot be made without notice to the ward.

APPEAL from a decree of the judge of probate for the county of Hampshire, appointing the respondents guardians of the appellant, an insane person, whose former guardian had deceased, but who was still, at the time of the respondents' application to be appointed, and of their appointment, insane, and an inmate of the asylum for the insane at Brattleborough, (Vt.) where he had been sent by his former guardian. One reason of appeal was, that the appellant had no notice of the respondents' application.

*C. Delano*, for the appellant. No appointment of a guardian of a person supposed to be insane is valid, without notice to him. Rev. Sts. *c.* 79, §§ 9, 22. *Chase* v. *Hathaway*, 14 Mass. 224. *Hathaway* v. *Clark*, 5 Pick. 490. The guardian's authority extends not merely to the control of property and person, but, indirectly, to all matters of domestic regulation, however delicate and confidential. The benefit and comfort of the lunatic should be the great object of the court. *Dormer's case*, 2 P. W. 265. *Ex parte Chumley*, 1 Ves. Jr. 296. *Oxenden* v. *Compton*, 2 Ves. Jr. 72. *Ex parte Baker*, 6 Ves. 8.

*C. P. Huntington*, for the appellees. The Rev. Sts. *c.* 79, §§ 9, 22, do not require notice to the ward of a new appointment in case of death of the former guardian. Notice to the ward would be a mere futile ceremony. His incapacity was settled by the original decree, and continued to the time of the new appointment; the new appointment involved no question of the capacity of the ward, and made no change in his rights of person or property, but merely continued the protection of law. *Chase* v. *Hathaway*, 14 Mass. 225. *Hathaway* v. *Clark*, 5 Pick. 490. *Rice* v. *Parkman*, 16 Mass. 329, 331, 332. *Davison* v. *Johonnot*, 7 Met. 395, 397.

THOMAS, J. This is an appeal from the decree of court of probate, appointing the respondents guardians of the appellant, an insane person.

The appellant had been before under guardianship, but his guardian had deceased. The appellant still being insane, the respondents were appointed his guardians, but without notice to him. The question is, whether such appointment is valid.

It clearly is not. The former guardianship was terminated by the death of the guardian. Upon the questions, whether a new guardian should be appointed, and who that new guardian should be, the care and custody of the appellant's person and property depended. There can be no doubt of his interest in the result.

To say one is insane, and therefore need not be notified, is to decide the question before it is tried. Nor would the existence of insanity be a good reason for dispensing with the notice. A man may be insane so as to be a fit subject for guardianship, and yet have a sensible opinion and strong feeling upon the question who that guardian shall be. And that opinion and feeling it would be the duty as well as the pleasure of the court anxiously to consult, as the happiness of the ward and his restoration to health might depend upon it.

But if the party is wholly demented, yet there are always friends interested in the question, and whom the notice might reach; and the very fact of his incapacity to take care of himself furnishes a sound reason for caution and publicity in all the steps taken.

The fair construction of §§ 9, 22 of *c.* 79 of the Rev. Sts., taken together, leads to the same result. And if the statutes were wholly silent on the subject, the benignant principles of the common law would require the notice to be given. *Chase v. Hathaway,* 14 Mass. 222.

*Decree of probate court reversed.*