WILLIAM BRIGHAM, guardian, *vs.* BOSTON & ALBANY RAILROAD COMPANY & another

If, on an application to the probate court to appoint a guardian of a person as insane, notice is ordered and given to the person to appear in court at a time and place named, and show cause, if any, why the application should not be granted, *it is within the discretion* of the judge of probate whether or not to order further notice of other stages of the proceeding; and it is no ground for vacating the decree appointing a guardian, that it was entered, without further notice to the ward, nine months after the time so named in the notice given.

It is no ground for vacating a decree appointing a guardian of a wife as insane, that her husband, after making the application and before the decree, joined with her in a conveyance of land, and represented, in conversation, that the application was abandoned.

Under a license of court, granted on the 5th day of April in the year 1869, for the sale of land, and directing the licensee to give public notice of the time of such sale by publishing a notice thereof once a week for three successive weeks in a certain newspaper, he

---

published in the newspaper, on the 7th, 14th and 21st days of the same April, a notice not dated, but reciting that, by virtue of a license of court " granted on the 5th day of April instant," he would sell the land " on Thursday, the 22d day of said April, at four o'clock in the afternoon." *Held,* that this notice was not so defective as to vacate the sale.

BILL IN EQUITY filed May 3, 1869, to compel specific performance of a contract of the Boston and Albany Railroad Company to buy certain real estate situated on Orange Street in Boston, which was offered for sale by auction, on April 22, 1869, by the plaintiff, as guardian of Mrs. Ellen M. Mayo, an insane person, and under a license of the probate court of Suffolk. The answer of the railroad corporation admitted its obligation, and expressed its willingness, to fulfil the contract, upon receiving from the plaintiff a valid conveyance of the real estate ; but denied the sufficiency of a deed tendered by the plaintiff, and called in question the validity of his appointment as guardian. Upon the filing of the answer, it was ordered by the court that Mrs. Mayo be joined as a defendant, and she was summoned in accordingly, and by a guardian *ad litem* filed an answer, submitting her rights, with the other parties, to the determination of the court, on a statement of facts agreed substantially as follows :

On March 12, 1868, John M. Mayo, husband of Ellen M. Mayo, and Charles H. Mayo, her son, all of Boston, filed in the probate court of Suffolk an application for the appointment of a guardian of said Ellen as an insane person, upon which application she was cited to appear at a probate court to be held at Boston on March 30, 1868, to show cause, if any, why it should not be granted, and the applicants were directed to cause her to be notified of the time and place so appointed for the hearing, fourteen days, at least, before said court ; and John M. Mayo made return under oath, dated March 14, 1868, that he served the citation as therein required.

On March 23, 1868, Mrs. Mayo and her husband signed, sealed and acknowledged as their free act and deed, a conveyance to the Boston and Albany Railroad Company of other lands than those in dispute, but also belonging to her, which conveyance was recorded March 31, 1868, on which day the husband, in reply to an inquiry made by an attorney, said that the applica-

tion for the appointment of a guardian of Mrs. Mayo had been abandoned.

On January 25, 1869, without any further notice to Mrs. Mayo, and without her being present or being represented at the hearing, " unless by the applicants or their attorney's action in obtaining said decree," a hearing was had on the application filed March 12, 1868, and a decree was passed thereon, in the usual form, adjudging Mrs. Mayo to be an insane person, and appointing the plaintiff guardian of her person and estate; and the plaintiff on the same day filed his bond and received his letter of appointment.

Upon the plaintiff's petition to the probate court, filed March 20, 1869, and approved by the overseers of the poor of Boston, for leave to sell the real estate in dispute, as property of his ward, after due proceedings had such leave was granted, and license issued on April 5, 1869, ordering the plaintiff " to give public notice of the time and place of such sale, by publishing a notification thereof once a week, for three successive weeks, in the newspaper called the Boston Daily Evening Transcript," with which order the plaintiff complied by publishing in that newspaper on the 7th, 14th and 21st days of the same April an advertisement of the sale in which the only notice of the time thereof was contained in the preamble to the description of the real estate to be sold, namely: " By virtue of a license of the probate court for the county of Suffolk, granted on the 5th day of April instant, I shall sell at public auction, on Thursday, the 22d day of said April, at four o'clock in the afternoon, on the estate hereafter first described, all the right and interest which Ellen M. Mayo, of said Boston, an insane person, has in and to the following described estate, to wit," &c.

On April 22, 1869, at four o'clock in the afternoon, on the estate first described in the advertisement, the Boston and Albany Railroad Company appeared by its vice-president, and made and signed the following bid for the property offered for sale, which bid was accepted:

" Boston, April 22, 1869. To William Brigham, Esq., or to the auctioneer offering for sale, pursuant to the foregoing notice

or advertisement, the right and interest of the Ellen M. Mayo mentioned in said notice or advertisement, in and to the real estate described in said notice or advertisement, the Boston and Albany Railroad Company hereby bid and offer to pay for a valid conveyance of said right and interest by the guardian of said Ellen M., duly appointed and licensed to sell the same, the sum of $18,623.83."

*N. Morse*, for the plaintiff.

*G. S. Hale*, for the Boston and Albany Railroad Company.

MORTON, J.* The defendants concede that the plaintiff is entitled to a decree for specific performance, if he can give them a valid title to the interest of Ellen M. Mayo in the land in question. But they allege that the plaintiff's deed will not give such title, because his appointment as guardian is invalid, and because the notice of the sale at auction was defective.

1. It appears that on March 12, 1868, application in due form was made to the judge of probate for the county of Suffolk for the appointment of a guardian of Ellen M. Mayo, alleged to be an insane person. Upon this application, an order of notice to said Ellen M., citing her to appear at a probate court to be holden on March 30, 1868, was issued, and served upon her more than fourteen days before said court. At a probate court holden on January 25, 1869, the judge of probate, after a hearing upon said application, appointed the plaintiff guardian, who on the same day filed his bond and took out letters of guardianship.

This case does not fall within the principle established by the authorities cited by the defendants. *Chase* v. *Hathaway*, 14 Mass. 222. *Hathaway* v. *Clark*, 5 Pick. 490. *Ellis* v. *Morton*, 4 Gray, 63. Here the insane person had due notice of the application for the appointment of a guardian, and full opportunity to be heard thereupon; and the only alleged defect in the proceedings of the probate court is, that she had no further notice of the time when the final decree was entered, and that the decree was not entered until after the lapse of several months.

---

* COLT and AMES, JJ., did not sit in this case.

But we are of opinion that this should not vacate the decree. The time at which such application shall be heard and the decree entered, and the question whether further notice to the parties interested is requisite, are matters within the discretion of the judge of probate. There is no provision of law requiring notice of the various steps in the proceedings to be given to the parties interested. *Davison* v. *Johonnot*, 7 Met. 388.

Nor are the other facts relied upon by the defendants sufficient to invalidate the decree. If it be conceded that the ward, or her representatives, might defeat the appointment of the guardian, by proof of fraud practised upon her in procuring the appointment, yet the facts of this case do not prove such fraud. The facts, that the ward and her husband joined in a deed to the defendants of another parcel of land, and that the husband represented that the application for the appointment of a guardian had been abandoned, do not prove that she was deceived or misled, or that the appointment of a guardian was procured by any fraud upon her.

We are therefore of the opinion that the appointment of the plaintiff as guardian was valid.

2. The notice of the sale at auction was not so defective as to vacate the sale. The omission of the date was not material, and would mislead no one. The notice, as inserted, taken in connection with the date of the paper, indicated the time and place of sale beyond possibility of mistake.

Upon the facts agreed, we are of the opinion that the deed tendered by the plaintiff will convey a valid title to the defendants, and that the plaintiff is entitled to a

*Decree for specific performance.*