CASE 15—RULE—OCTOBER 29.

## Makemson, Ass'ee v. Braun. .

APPEAL FROM PENDLETON CIRCUIT COURT.

1. JUDICIAL SALES—BIDDER'S FAILURE TO COMPLY.—A bidder who fails to comply with an accepted bid at a commissioner's sale, may by proper proceedings be required to pay the damage resulting therefrom; but where the commissioner elects to treat his bid as a nullity, and proceeds to re-advertise and re-sell the property, it is too late after the last sale has been reported and confirmed to issue a rule against the bidder at the first sale to compel him to account for the difference between the amount of his bid and what the property sold for.

L. P. FRYER FOR APPELLANT.

1. The fact that the first sale at which appellee made his bid was not reported to the court by the master and acted on before the subsequent sale which was confirmed, is no reason why the bidder should not account for the difference. Watson's Admr. v. Violett, 2 Duvall, 333; Am. & Eng. Enc. of Law, vol. 12, pp. 233-4.

L. T. APPLEGATE OF COUNSEL ON SAME SIDE.

JOHN H. BARKER FOR APPELLEE.

1. The bidder or purchaser at a decretal sale does not thereby become the owner of the property, but is nothing more than a preferred bidder or proposer for the purchase, depending upon the acceptance of the bid by the Chancellor and the confirmation of the purchase. In this case no effort was made to compel appellee to comply with his bid, or upon his failure to do so to re-sell the

Makemson, Ass'ee v. Braun.

land. But is simply an effort after another sale has been con-
firmed, and the title has passed to another so that he can not
possibly get the property, to compel him to comply with a bid
which was not reported to the court and completely ignored.
Watson's Admr. v. Violett, 2 Duvall, 333; Brassfield v. Burgess,
10 Ky. L. R., 660; Reamer v. Indale, 13 Bush, 206; 2 B. Monroe,
411; 13 Ky. L. R., 99.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

J. W. Makemson assignee of Jas. J. Braun, Jr.,
brought suit in the Pendleton Circuit Court for the set-
tlement of the estate of Braun, assigned to him for the
benefit of creditors, and in said suit a judgment was en-
tered directing the master commissioner to sell a cer-
tain tract of land.

At the October term, 1894, of the said court the com-
missioner made report of sale.   The report shows that
on the 3d day of September, 1894, he offered the land
for sale, and that J. J. Braun bid the sum of $8,100 for
the entire tract of 180 1-2 acres of land, also to include
island and bed of stream to the main channel of South
Licking river, and no person offering to pay a greater
sum, and he being the highest and best bidder, his bid
was accepted, and he refused to execute bonds for said
purchase money, and the commissioner re-advertised
the property for sale October 1, 1894, at which time the
same was purchased by S. T. Ewing at his bid of $7,600,
he being the highest and best bidder, and bonds were
executed for the purchase money as required by the
judgment.   On the 19th day of October, 1894, the re-
port of sale was confirmed, the report having been filed
the 15th.

At the January term, 1895, of the said court, on the

14th day of January a rule was issued against the appellee, on motion of appellant, to show cause why he should not be required to pay the difference in the price bid at the first sale and the price brought at the second sale. On the 25th of the same month and term of court appellee demurred to the rule, and on the 28th day of January a response was filed and the demurrer was sustained and rule discharged, and from that judgment this appeal is prosecuted.

The substance of the response is that appellee bid for the land in good faith, believing he could execute the required bonds and offered the best security he could at the time of sale and afterwards. It is a well-settled law that a bidder who fails to comply with an accepted bid may, by proper proceedings, be required to pay the damage resulting from such failure, which would include the difference between his bid, if any, and that realized on the final sale, if the property sold for less at the final sale; but in this case it appears that the commissioner elected to treat appellee's bid or purchase as a nullity, and proceeded to readvertise and sell again, and reported all his acts to court, and appellant took no steps to compel appellee to comply with his purchase, but procured, or at least allowed, without objection, the last sale to be confirmed, thus investing the second purchaser with a complete title, and making it impossible for appellee to obtain the land, and in fact made no complaint until the next succeeding term of the court.

It seems to us that the rule was obtained too late,

and the judgment of the court below was, under the facts in this case, right and proper, and that judgment is affirmed.