CASE 40—INDICTMENT FOR SELLING INTOXICATING LIQUOR—
SEP'TEMBER 24.

# Commonwealth v. Asbury.

APPEAL FROM METCALFE CIRCUIT COURT.

1. CRIMINAL LAW—SELLING SPIRITUOUS LIQUORS WITHOUT LICENSE.—
The place of sale being uncontroverted, it is a question of law and not of fact whether the sale is authorized by the license.

2. SAME—LICENSE TO BRANDY DISTILLERS TO SELL AT RESIDENCE.—
Under Kentucky Statutes, sec. 4224, a license issued to a distiller of brandy to sell at his residence did not authorize a sale of brandy at the distillery warehouse seventy-five yards from the distillery; nor was the county court authorized to issue a license to sell at the distiller's residence.

N. H. W. AARON AND W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLANT.

1. It was error to permit the defendant to prove his license by parol. The license itself was the best evidence.

2. The place of sale must be named and designated in the license and the county court is the tribunal to fix the place of sale. Ky. Stat., 4203. Apple brandy is a spirituous liquor and there is no exception in its favor in sec. 4224 of Kentucky Statutes, save when sold at the distillery. Gnadinger v. Com., 4 Ky. Law Rep., 514. Under a license to sell at one place the licensee is not per-

mitted to sell at another.   Moody v. Com., 6 Ky. Law Rep., 219;
Acree v. Com., 13 Bush, 353.

3. The case may be reversed for further proceedings, even where
there had been an acquittal, unless the offense is punishable by
imprisonment.   Crim. Code, sec. 352; Com. v. Vaughn, 19 Ky.
Law Rep., 777; Com. v. Fowler, 96 Ky., 166.

No brief on file for the appellee.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The commonwealth prosecutes this appeal from a judg-
ment of the Metcalfe Circuit Court acquitting appellee of
the offense of retailing apple brandy without a license so
to do.   Appellee testified, upon the trial, that he sold a
quart of apply brandy at his warehouse, which is situated
on his premises, about seventy-five yards from the distillery
where the brandy was manufactured; that at the time he
made the sale, he had a license to sell brandy at his resi-
dence, which had been granted to him by the County
Court upon his application, for which he had paid a license
fee of $25; that his residence was also situated upon the
same tract of land; and that he believed, in good faith, at
the time he made the sale of the brandy in question, that
he had the right to sell at his warehouse under his license.
The County Court clerk testified that the motion of appel-
lee in the County Court was for a brandy license to sell at
his residence, and that the license was granted in con-
formity with his application.   At the conclusion of the
testimony the attorney for the Commonwealth moved the
court to instruct the jury as if no license had been granted
appellee, which the court refused to do, and gave to the jury
instructions which left it to them to determine whether
the brandy was sold at a place other than the distillery,
or place of manufacture.   There was no question under

[ 21 ]

the proof as to the place where the sale of the brandy was
actually made, and whether appellee was authorized to sell
at this place under his license was a question of law for
the court, and not one of fact for the jury.  Section 4224,
Kentucky Statutes, provides that license may be granted
to persons who are manufacturers of vinous liquors, in
good faith, and distillers of peach and apple brandy, to re-
tail liquor of their own manufacture at the place of manu-
facture, or the distillery, in quantities of not less than
one quart, not to be drunk on the premises or adjacent
thereto, on the payment of $25.  Under this statute the
County Court was not authorized to designate the resi-
dence as the place for conducting the business under the
license, and a license fixing the residence as the place of
sale affords no protection to appellee for a sale of brandy
made at his warehouse.  The fact that the residence, ware-
house, and distillery were all upon the same tract of land
does not prevent them from being separate and distinct
places under the statute governing this case, and the mo-
tion of the Commonwealth's attorney that the jury be in-
structed as in case of no license should have prevailed, as
it is the obvious purpose of the statute to fix definitely the
place where the business under such a license is to be con-
ducted, and to limit the traffic under the license authorized
to be granted to brandy distillers to the distillery, or place
of manufacture.  For the reasons indicated, the judgment
is reversed, and the cause remanded for proceedings con-
sistent herewith.