CASE 26—ACTION OF MEYER'S EXRS. AGAINST HENNIG, &C., TO ENFORCE
A MORTGAGE LIEN.—APRIL 23.

# Oster v. Meyer, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT OVERRULING THE EXCEPTIONS OF ADAM OSTER, THE PUR-
CHASER, TO COMMISSIONER'S REPORT OF SALE AND HE APPEALS.
AFFIRMED.

INSANE PERSONS JURISDICTION TO APPOINT COMMITTEE—NOTICE OF
INQUEST—EVIDENCE REQUIRED TO DISPENSE WITH PRESENCE OF
LUNATIC AT INQUEST.

Held:  1. The criminal branch of the Jefferson circuit court has jur-
isdiction to appoint a committee for the estate of a lunatic.
2. As Kentucky Statutes section 2156, which gives the court jur-
isdiction to hold the inquest, also imposes the duty of ap-
pointing a committee to take charge of the estate, a notice of the
proposed inquest having been given to the lunatic, no additional
notice is necessary to authorize the appointment of a committee.  .
3. It is not necessary that notice of the inquest should run in the
name of the Commonwealth of Kentucky, actual notice by the
Commonwealth's attorney to the lunatic of the time and place of
the inquest being sufficient, especially in a collateral proceeding,
where there is no charge of fraud.
4. Under Kentucky Statutes, section 2157, providing that upon an in-
quest of lunacy the personal presence of the person charged may
be dispensed with if certain facts are made to appear "by the
oath" of two regular practicing physicians, the oral testimony of
two physicians showing the necessary facts is sufficient, written
affidavits not being required.

W. PRATT DALE AND JOSEPH SELIGMAN, ATTORNEYS FOR APPEL-
LANT.

This is an appeal from an order of the Jefferson circuit court,
chancery division, overruling exceptions to commissioner's re-
port of sale and confirming same, in an action by the executors
of A. J. Meyer, deceased, to enforce a mortgage lien upon real
estate executed to decedent by August Hennig. The appellee,
August Hennig was proceeded against as a person of unsound
mind and service of process was had upon him and his alleged

committee and an answer filed by said committee stating that it
could make no defense to the action.   Judgment was rendered or-
dering the sale and same was sold by the commissioner of the
court and purchased by appellant.   Appellant filed exceptions to
said sale on the following grounds to-wit:

1. The interest of the defen'dant, August Hennig, did not pass
by the sale because he was not before the court, the service of
process upon him being as a lunatic and upon the Fidelity Trust
and Safety Vault Co., as his alleged committee, when said
company was not his committee, because its appointment was
void, having been made in the criminal division of the Jefferson
circuit court, which had no jurisdiction over the estate of said
Hennig, and had no authority to appoint a committee for his es-
tate.

2. Because said alleged appointment of said company as com-
mittee was made in a proceeding had without any service of
process upon or notice to the said Hennig.

The record in the proceeding in which Hennig was adjudged
a lunatic, shows that on November 26, 1901, he was adjudged
a lunatic on information filed by the Commonwealth's attorney
and a verdict of a jury.

On the trial of the question of his sanity he was not person-
ally present in court and the record shows that two physicians
testified on the trial that it would be injurious to him to bring
him personally into court—said oath was not reduced to writ-
ing and it does not appear the said physicians had examined
the alleged lunatic and that they believed him to be a lunatic.

The only notice given Hennig, was what purports to be a no-
tice that an inquisition would on the date named therein, be
held to determine the question of his sanity, and this notice was
addressed to said Hennig personally and signed by the Com-
monwealth's attorney, and duly served.

In the same proceeding and without any further notice and
without the presence of Hennig, said criminal court appointed
said alleged committee.

Appellant contends:

1. That said court had no jurisdiction or authority to appoint
a committee for the estate of a lunatic.

2. That the entire proceedings were void on account of the
insufficiency of the notice to Hennig, and the irregularity of the
proceedings and appointment of the committee.

### AUTHORITIES CITED.

Con. of Ky., secs. 123 and 137; Kentucky Statutes, secs. 2149,
1030, 2156, 2151, 2157; Taylor v. Barker, Judge, 20 R., 382;

Oster v. Meyer, &c.

Mengel v. Jackson, Judge, 94 Ky., 472; Stewart v. Taylor, 23 R., 577; McAfee v. Com., 3 B. Mon., 305; Yeager v. Groves, 78 Ky., 278; Mason v. Beazley, 10 R., 154; Bunnell v. Thompson, 12 Bush, 116; Smith v. Wells, &c., 80 Ky., 305; Sharpe v. Rose, 13 Bush, 461; Civil Code, secs. 466-624; Menifee Committee v. Ends, 97 Ky., 394.

G. L. & O. G. ERBACH AND C. C. HIEATT, ATTORNEYS FOR APPELLEES.

The record in the lunacy proceeding shows that *notice of the inquest was served on August Hennig and also upon Fred Hennig in whose custody he was,* and Walter Darby, a practicing attorney was appointed to defend for him, and the jury *after hearing the evidence* found him to be of unsound mind, seventy-two years of age and had an estate worth $3,000 with an incumbrance thereon of $2,000 and the court thereupon appointed a committee who executed bond as required by law.

The statute provides "that it shall be the duty of *the judge presiding at such inquest* to make all necesssary orders for the appointment of a committee and the security of the estate and care of the person found to be of unsound mind, etc."

We insist that there can be no doubt of the jurisdiction of the court, and the regularity of the proceedings.     Kentucky Statutes, secs. 2156, 2157, Con. of Ky., sec. 137; Taylor v. Barker, 20 R., 582; Stewart v. Taylor, 23 R., 517; Newcomb, &c., v. Newcomb, 13 Bush, 544; Swope v. Frazier, 37 S. W. R., 495.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This action was instituted by the appellees, Dora Meyer and George L. Everbach, executors of the will of A. J. Meyer, deceased, to enforce a mortgage lien upon the real estate of the appellee August Hennig, who was proceeded against as a person of unsound mind, and service of process was had upon him, and upon the Fidelity Trust & Safety Vault Co., his alleged committee, and answer was filed by the trust company, as committee, stating that it could make no defense..   A judgment was rendered enforcing the mortgage lien, and at the commissioner's sale had thereunder the appellant, Adam Oster, became the purchaser of the property, and subsequently filed the following exception to the confirmation thereof: "(1) The interest of

the defendant August Hennig did not pass by the sale, because the said August Hennig was not before the court, the service of process upon him being as a lunatic, and upon the Fidelity Trust and Safety Vault Co. as his alleged committee. The Fidelity Trust and Safety Vault Co. was not the committee of said August Hennig, because its appointment as such committee was void, having been made in the criminal division of the Jefferson circuit court, which had no jurisdiction or power to appoint a committee for the estate of said August Hennig. (2) Because said alleged appointment of the Fidelity Trust and Safety Vault Co. as committee, was made in proceedings had without any service of process upon or notice to the said August Hennig." Upon the trial of the exceptions, by agreement, the record of the proceedings in the criminal division of the Jefferson circuit court, wherein August Hennig was adjudged to be a lunatic and the Fidelity Trust & Safety Vault Co. was appointed his committee, was read as evidence. That record discloses that on the 26th of November, 1901, J. M. Huffaker, the Commonwealth's attorney for that judicial district, notified the Honorable H. S. Barker, judge, in writing, that he was reliably informed that August Hennig was a person of unsound mind, and a lunatic, and requested that a jury be impaneled to inquire into the fact. It also appeared that on November 25th the Commonwealth's attorney had had notice signed by him served on August Hennig and Fred Hennig, in whose custody he was found, notifying them that on the following day, at or about the hour of 10 o'clock, November 26, 1901, in the criminal division of the Jefferson circuit court, an inquest would be held to determine whether or not Hennig was of unsound mind and incompetent to manage his estate. It appears that Hennig was not present in court during the inquest, but two physi-

cians testified that it would be unsafe to bring him into court, and his presence was dispensed with by an order of court. After hearing the evidence, the jury found appellee Hennig to be a person of unsound mind and a lunatic. And the court, without further notice to Hennig, appointed the Fidelity Trust & Safety Vault Company a committee to have control of all the property, both real and personal, belonging to the lunatic, and the trust company immediately accepted the appointment and executed the bond as required by law. The circuit judge thereupon overruled the exceptions and confirmed the master commissioner's report of sale, to which appellant excepted, and from which order this appeal is prosecuted.

It is insisted, first, that the criminal branch of the Jefferson circuit court had no jurisdiction to appoint a committte for the estate of a lunatic. This contention is based upon section 137 of the Constitution, which provides: "Each county having a population of one hundred and fifty thousand or over shall constitute a district, which shall be entitled to four judges. . . . Criminal causes shall be under the exclusive jurisdiction of some one branch of said court, and all other litigation in said district, of which the circuit court may have jurisdiction shall be distributed as equally as may be between the other branches thereof." It is contended that the appointment of a committee to take charge of the estate of a lunatic is a purely civil proceeding, of which the criminal division of the court had no jurisdiction. In the case of Taylor v. Barker (20 R., 582, (47 S. W., 217), it was held that an inquest of lunacy was a *quasi* criminal proceeding, and that the criminal division of the Jefferson circuit court had concurrent jurisdiction thereof with the other branches of the court. Section 2156 of the Kentucky Statutes expressly provides that: "It shall

be the duty of the judge presiding at such inquest to make all necessary orders for the appointment of a committee, and the security of the estate and care of the person found of unsound mind, imbecile, or incompetent to manage his estate." Cases might frequently arise in which the estate of lunatics would be seriously impaired before the attention of the other divisions of the court was called to them.

Having held that the criminal division of the Jefferson circuit court had jurisdiction to hold the inquest, it necessarily follows that they have also jurisdiction to make the necessary orders for the care of the person and the preservation of the estate of the lunatic, and no additional notice to the person adjudged to be of unsound mind is necessary to authorize the appointment of a committee. The same section of the statute which gives the court jurisdiction to hold the inquest also confers the power and imposes the duty of appointing a committee to take charge of the estate.

Appellant also contends that the proceedings in which Hennig was adjudged a lunatic were void for the reason that the notice to him of the time and place of the inquest did not run in the name of the Commonwealth of Kentucky, as required by section 123 of the Constitution, and was not directed to any officer authorized by law to serve notice or process, but was addressed to him by the Commonwealth's attorney of Jefferson county. Section 2157 of the Kentucky Statutes provides that: "No inquest shall be held unless the person charged to be if unsound mind or an imbecile or incompetent to manage his estate be personally in the presence of the jury. . . . The personal presence of the person charged shall not be dispensed with, unless it shall appear by the oath of two regular practicing physicians that they have personally examined the individual charged to be of unsound mind, or an imbecile, or incompetent to manage

his estate, and that they verily believe him to be an idiot or lunatic and incompetent to manage his estate as the case may be; and that his condition is such that it would be unsafe to bring him into court." The statutes regulating inquisitions make no provision for the notice, or manner in which it shall be given, to the alleged lunatic, but it was held in Stewart v. Taylor 23 R., 577, (63 S. W., 783), that a lunatic was entitled to notice of the pendency of the alleged proceeding and a reasonable opportunity to defend. And the proceeding would have been more in conformity with the usual proceedings in such cases if it had been based upon an affidavit filed in court, upon which process issued against the defendant in the name of the Commonwealth. But, in the absence of any statutory regulation as to the question of notice, we are of the opinion that proof of actual notice by the Commonwealth's attorney to Hennig of the time and place when the inquest would be held was sufficient to give the court jurisdiction to proceed with the inquest, especially in collateral proceedings where there is no charge of fraud. The proceeding was not hostile to the rights of the lunatic, but, on the contrary, was for his benefit and the preservation of his estate.

Appellant also complains that no written affidavits were filed by the physicians who testified that it would be unsafe to bring Hennig into court, and that the record did not show that they had personally examined him. The statute of 1844 required that in "all inquisitions of lunacy the lunatic should be brought into court for the inspection and examination of the jurors, unless it should appear to the court by written affidavits that the lunatic, owing to bad health or being incapable of control, could not be safely brought into court." But under the present statute the personal presence may be dispensed with, if it appear by the

oath or affidavit of two regular practicing physicians." It does appear that two regular practicing physicians testified to the necessary facts authorizing the personal presence of the defendant to be dispensed with, and written affidavits were unnecessary.

Upon the whole case we are of the opinion that the judge of the criminal division of the Jefferson circuit court had the power and authority, under the statute, to appoint a committee to have charge of the estate of Hennig, and that appellant acquired a good title to the property purchased by him under the judgment appealed from.

Judgment affirmed.