PEOPLE, PETITIONER, *v.* DISTRICT COURT OF PONCE, RESPONDENT.

Petition for a Writ of Certiorari to the District Court of Ponce.

No. 454.—Decided July 29, 1924.

INSANITY—APPEAL.—The proceeding in case of dangerous insanity prescribed by Act No. 26 of 1912 is of a quasi-criminal nature and therefore an appeal from a judgment of dangerous insanity is not governed by the procedure established in Act No. 13 of 1917, but by the ordinary procedure of appeals in criminal cases to the district courts.

The facts are stated in the opinion.

*Mr. José E. Figueras, Fiscal,* for the petitioner.

*Mr. E. Ramos Antonini* for the adverse party.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The Municipal Court of Ponce adjudged Ramón Francisco Quiñones Nazario to be a dangerous lunatic and he appealed from that judgment to the district court. While the appeal was being prepared the district attorney filed a motion in the court below for dismissal of the appeal because of failure to bring up to that court the transcript of the record within the 20 days fixed by Act No. 13 of November 14, 1917.

The court overruled the motion by its order of April 22, 1924, and the district attorney has filed in this court the present petition for a writ of certiorari praying that we review and set aside the said order.

In support of his petition the district attorney alleges substantially that Act No. 26 of 1912 amending the Act to determine judicial proceedings in cases of lunacy prescribes a proceeding civil in character; that section 3 of the said Act provides that the cause shall be docketed on the civil docket of the court in the name of The People of Porto Rico as plaintiff, and of the person charged with being insane as defendant, and that the legislators classified cases

of dangerous insanity as civil in character, it being a proceeding that affects the civil capacity of the defendant.

.The district judge maintains, on the contrary, that all of the incidents of the proceeding give it a criminal character, for the said Act provides: ·

"1.—The district attorney shall represent The People of Porto Rico;

"2.—That after the district attorney has filed the complaint the municipal judge may order the aprehension of the defendant, who shall be kept under custody or admitted to bail;

"3.—That the defendant is entitled to be represented by counsel, and in case of his insolvency the judge may designate an attorney to represent him;

"4.—Because only the defendant has a right to appeal from the judgment of the court."

Both the district attorney and the trial judge analyzed the question in its extreme aspects, but the reasonings of both show that the proceeding partakes of both a civil and criminal character and that it is difficult to draw a line of demarcation. However, considering that the object of this proceeding is to inquire into and adjudge a condition of dangerous insanity for the purpose of confining the insane person in a lunatic asylum and not for declaring his incapacity to manage his property, as prescribed in the Civil Code, we conclude that the proceeding governed by Act No. 26 of 1912 is of a quasi criminal nature, for although it is instituted in a civil manner, by its effects it becomes a criminal proceeding. See 32 C. J. 627, citing *Taylor* v. *Barker,* 47 S. W. 217, wherein the following was said:

"Indeed, as such inquests generally involve the question of personal liberty, it is a quasi criminal proceeding, properly within the jurisdiction of the Jefferson circuit court, criminal division. There is, however, an observable difference between mere inquests which involve an inquiry by the jury whether the person on trial is of unsound mind and a lunatic and the preservation and security of the estate of a person after being found under such disability, gen-

erally requiring the interposition of a court of equity. In our opinion, the Jefferson circuit court, criminal division, has jurisdiction of inquests of lunacy, though not exclusive; wherefore the writ of prohibition applied for is denied.''

The writ must be

*Discharged.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.