EL PUEBLO, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE PONCE, DEMANDADA.

No. 454.—*Visto:* Junio 23, 1924. *Resuelto:* Julio 29, 1924.

LOCURA PELIGROSA—APELACIÓN DE SENTENCIAS POR LOCURA PELIGROSA.—El procedimiento de locura peligrosa que regula la Ley Núm. 26 de 1912 es de carácter cuasi criminal, por lo que la apelación de una sentencia de locura peligrosa no se regula por el procedimiento que establece la Ley Núm. 13 de 1917, sino por el procedimiento ordinario de apelaciones criminales para ante las cortes de distrito.

SOLICITUD de auto de *certiorari* a la Corte de Distrito de Ponce, R. Díaz Cintrón, J. Denegado.

*José E. Figueras, Fiscal,* abogado del peticionario; *E. Ramos Antonini,* abogado de la parte contraria.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

La Corte Municipal de Ponce declaró loco peligroso a Ramón Francisco Quiñones Nazario, y no estando conforme con la sentencia apeló para ante la corte de distrito. Estando en curso la preparación de la apelación, el fiscal del distrito presentó una moción a la corte inferior para que desestimara la apelación por no haberse elevado a dicha corte la transcripción del récord dentro de los 20 días que prescribe la ley núm. 13 de noviembre 14 de 1917, (2) p. 225).

La corte inferior denegó la moción por resolución de abril 22, 1924, y el fiscal ha recurrido ante nos mediante la presente petición de certiorari para que revisemos y declaremos nula dicha resolución.

El fiscal alega sustancialmente para sostener su petición, que la ley No. 26 de 1912, (p. 62) para regular el trámite que ha de observarse por las cortes en los casos de locura peligrosa, es un procedimiento de carácter civil; que la sección 3 de dicha ley prescribe que el caso se entrará en el libro de causas civiles, en nombre de "El Pueblo de Puerto Rico," como demandante, y de la persona denunciada como demandada, y que el legislador calificó como cuestión de

materia civil el caso de locura peligrosa, por tratarse de un
procedimiento que afecta a la capacidad civil del demandado.

El juez inferior sostiene por el contrario que todos los
trámites del procedimiento le dan al caso un carácter de
criminal, pues en dicha ley se dispone:

"1º Que el fiscal ostentará la representación de El Pueblo de
Puerto Rico;

"2º Que radicada la acusación por el fiscal se procede, mediante
orden del juez municipal, al arresto del acusado, se le recluye o se
le permite estar en libertad provisional bajo fianza;

"3º Que el acusado tiene derecho de estar representado por un
abogado y que en caso de insolvencia el juez puede nombrarle un
abogado de oficio;

"4º Porque, solamente, el acusado tiene derecho de establecer
apelación contra la sentencia dictada por la corte."

Tanto el fiscal como el juez inferior analizan la cuestión
en sus caracteres más extremos, pero unas y otras conside-
raciones demuestran que se trata de un procedimiento que
participa de ambos aspectos, civil y criminal, y que se hace
difícil establecer una línea divisoria que los separe. Sin
embargo, apreciando que este procedimiento tiene por ob-
jeto indagar y declarar un estado de demencia peligrosa
para recluir la persona así declarada en un manicomio y no
la declaración de su incapacidad para administrar sus bie-
nes, según se prescribe en el Código Civil Revisado, llega-
mos a la conclusión que el procedimiento que se regula por
la Ley núm. 26 de 1912 es un procedimiento cuasi criminal
porque aunque se instituye de una manera civil se convierte
en sus efectos en un procedimiento criminal. Véase 32 C.
J. 627, y la nota del caso de *Taylor* v. *Barguer*, 47 S.W.
217, en el que se dice lo siguiente:

"Verdaderamente que como tales investigaciones generalmente
envuelven la cuestión de la libertad personal, es un procedimiento
cuasi criminal, debidamente dentro de la jurisdicción de la corte de
circuito de Jefferson, división criminal. Existe, sin embargo, una
diferencia que se observa entre las meras investigaciones que envuel-
ven un examen por parte del jurado respecto a si la persona some-

tida a juicio no es de sano juicio y un lunático y la conservación y seguridad de la propiedad de una persona después de encontrada con tal incapacidad que generalmente requiere la intervención de una corte de equidad. En nuestra opinión la corte de circuito de Jefferson, división criminal, tiene jurisdicción sobre investigaciones de demencia, aunque no es exclusiva; por tanto, debe negarse el auto inhibitorio solicitado.''

*Debe anularse el auto expedido.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.