ELIAS SALOMON et al., Petitioners, v. MILES W. NEWBY, Judge, Respondent.

No. 39848.

JANUARY 21, 1930.

REHEARING DENIED SEPTEMBER 23, 1930.

*F. W. Lohr* and *Everette Waller*, for petitioners.

*D. F. Loepp*, for respondent.

FAVILLE, J.—This action is brought by a party who has had a guardian appointed for him, as an incompetent, and by a guardian ad litem, who was appointed in a partition proceeding.

On or about the 19th day of June, 1928, the petitioner Elias Salomon presented his own petition to the district court of Woodbury County, Iowa, alleging that he was the owner of certain property, and was unable to look after the same, and praying that one Lebeck be appointed guardian of his property. On the

19th day of June, 1928, said Lebeck was duly appointed guardian of the property of Salomon. Lebeck furnished his bond, and qualified as such guardian, and proceeded to file inventory and administer the estate of the said Salomon. Said proceedings were entitled in the district court: ''In the Matter of the Estate of Salomon, Incompetent, No. 8641, In Probate.''

On or about the 24th day of August, 1928, Lebeck, as such guardian, brought an action in partition in the district court of Woodbury County, said action being Equity Cause No. 54923. It was alleged in said action that said Salomon was the owner of an undivided one-half interest in certain described real estate, and that Salomon's wife was the owner of the other undivided one-half interest. The wife was made a party defendant, as were the children of said parties, and a creditor claiming a lien upon said property. Salomon was also made a party defendant in said action. The petitioner Lohr was appointed guardian ad litem in said partition suit on October 13, 1928, and filed an answer. The wife and son of Salomon filed an answer, and certain of the children of Salomon filed a petition of intervention. The cause was assigned for trial November 21, 1928. It appears that, on said date, at the time assigned for trial, all of the parties were present in court, and at said time the respondent judge retired to his chambers with said parties for a conference. All of the members of the family of Salomon were present, as were Salomon and his guardian. The record discloses that a conference was there had among the several parties.

The record discloses that at said time the estimated value of the real estate involved in said partition suit was about $8,000, and that the partition suit was really brought for the purpose of securing funds with which to pay a debt of about $125 to the guardian for money which he had advanced for the benefit of the ward. It appears that the object of the conference in the judge's chambers, among the different members of the family of Salomon and a friend of the family's, was to devise some plan by which the partition suit, with the resulting sale of the real estate, could be avoided, and the guardian paid the amount due him, and he could be dismissed. At said conference the daughters of Salomon agreed to pay said guardian the sum of $25 within a few days, and the balance of his claim shortly thereafter, upon condition that the partition suit should be dis-

missed and the guardian discharged. The parties agreed that, if said money, amounting to about $125, was so raised and paid to the guardian, he would file his final report and be discharged; and the partition suit would be dropped. In pursuance of this agreement, the court then made the order that said cause ''be continued until certain conditions are complied with, which being fulfilled, the cause should be dismissed.'' The attorneys for Salomon and the guardian ad litem in the partition proceedings were not present at this conference held in the chambers of the judge. After said compromise and settlement had been made among the several parties, as described, it appears that the money was secured and paid to the guardian, and he filed his final report, and in said final report stated that he had commenced the partition suit, and that the same ''is pending at this time before this court.'' In an amendment to said final report the guardian stated that, at the time said partition action came on for hearing, the court ''instructed this guardian and *it was understood* that he would voluntarily resign, and apply for his discharge as guardian, upon receipt of $125 to cover money advanced by this guardian, and his fee in said matter,'' and further stated that it is the wish of the family of Salomon that the guardianship be not terminated, but that another guardian be substituted. On December 17, 1928, said final report came on for hearing before the respondent judge, and said judge at said time made an order in said proceedings in probate, approving the said final report and ordering the discharge of said guardian and the appointment of a new guardian. Subsequently, to wit, on December 27, 1928, the respondent judge entered an order in said partition action, which recites that:

''*The conditions for settlement of this cause entered into under date of November 21, 1928, having been complied with* by payment as agreed of the sum of $125 by defendant to plaintiff, as guardian, and said guardian procuring his discharge by filing his final report and obtaining the court's approval thereof, it is ordered by the court that this cause of action be and is hereby dismissed with prejudice, and the costs of this action, taxed in the sum of $........, be and are hereby charged to the guardianship estate in probate.''

I. Petitioners urge that the order of continuance was

illegal. The court did not exceed his jurisdiction in making said order. The continuance became an accomplished fact. There is nothing for us to review, except the question of the power of a court to order a continuance of a case. Such power is so fundamental that a statement of the proposition is all that is necessary.

II. Petitioners contend that the respondent acted illegally and without jurisdiction in the partition action in "dismissing said cause and taxing the costs to the guardianship estate in probate." The record shows that the partition  suit was continued, pending the carrying out of the agreement regarding the payment to the, guardian and his discharge. All this was done before the order of dismissal was made in the partition suit, and all with the knowledge of the respondent judge, and under his express approval.

Undoubtedly it would have been a better procedure to have had the entire situation set out in the record. The order of continuance made at said time expressly provided that the cause was "continued *until certain conditions are complied with,* which being fulfilled, the cause to be dismissed." The conditions which were to be complied with were fully disclosed and known to the respondent, who made said order. In a short time thereafter, the conditions were complied with, the money required to be paid to the guardian was raised and paid to him, and he filed his final report, setting forth said matter and referring to the fact of the pendency of the partition suit. He asked that he be discharged as guardian, all of which was in exact accord with the terms and conditions of the compromise and settlement that had been entered into among the parties, and all of which was fully known to the said judge. Thereupon, said conditions having been fully performed, and the said final report so showing, the same judge entered an order in the probate proceedings, approving said final report and discharging said guardian. Thereafter, in exact accord with the agreement of settlement, the court entered an order dismissing the partition suit. The sole question for our determination at this point in this proceeding in certiorari is whether or not the respondent judge acted illegally in making the entry ordering the dismissal of the partition suit with prejudice, under such circumstances.

It is the contention of the petitioners that the compromise and settlement entered into by the parties was illegal and unauthorized, because the attorney for Salomon and the guardian  ad litem who had been appointed in the partition action were not present at said conference and did not know its terms or conditions, and that the respondent acted illegally in entering the order of dismissal. The evidence showed that not only was Salomon himself present and taking part in said conference, but that his duly appointed guardian, who was the plaintiff in the partition suit, was present, and not only agreed to the terms and conditions of said settlement and adjustment, but carried out and fully performed the same thereafter. Under our statute (Section 10968, Code, 1927), the guardian was authorized to bring the partition suit in his own. name, without joining with him the party (Salomon) for whose benefit the action was prosecuted. A guardian of property must defend and prosecute for his ward (Code Section 12581), and ''any guardian may sue in his own name, describing himself as guardian of the ward for whom he sues.'' (Code Section 12582.) These statutes are applicable to the guardianship of the incompetent. (Code Section 12613.) It is the general rule that a guardian has authority to compromise a pending case, in the absence of statutory restriction, where he acts in good faith and without fraud. We recently reviewed the law on this subject in *Kreamer v. Wendel*, 204 Iowa 20. Whether or not it was either a proper or a necessary proceeding, in an action in partition brought by the guardian for partition of the real estate of his ward, to make the ward a party, and to have a guardian ad litem appointed in such proceeding, is not before us in this action, and upon said question we make no pronouncement. However, the appointment of the guardian ad litem and his filing an answer in the partition proceeding did not render the subsequent compromise and settlement of the pending litigation by the duly appointed guardian of the ward invalid, in the absence of fraud or bad faith.

It is not to be forgotten at this point that this compromise and settlement was fully made known to the respondent at the time. It was for the purpose of fulfilling these ''conditions'' that the order of continuance was made. Subsequently the

conditions were all performed. The guardian received the money due him, and filed his final report. In it he referred to the pending partition suit, which, under the settlement, was to be dismissed. He referred to the previous *"understanding"* of the parties. The final report should have set out the fact of the settlement and its terms and conditions, and approval thereof should have been formally entered of record. This would have been the proper procedure, but all the "conditions" were fully known to the respondent, to whom said final report was presented. The order in the partition suit referred to "conditions;" the final report in the probate matter showed fulfillment of said conditions. The whole matter was fully disclosed to the respondent. See *In re Estate of Heaver,* 168 Iowa 563. The order was not beyond the jurisdiction of the court, and not illegal. If the record should be corrected to more clearly show the "conditions" of the settlement and its express formal approval in terms, this may yet be done. In this proceeding in certiorari, we hold only that the order dismissing the partition suit with prejudice, under the record, was not illegal, and not without jurisdiction. Whether the ward of the guardian ad litem in the partition proceeding could review the action of the respondent in the final disposition of the case by appeal from the entry of dismissal or from the overruling of a motion to set the same aside is also a question not before us. We merely hold that, under the facts of this case, the record fails to disclose that the respondent acted illegally and without jurisdiction in either of the orders in the partition action of which complaint is made.

Complaint is also made that the respondent acted illegally in taxing the costs in the partition proceeding to the guardianship estate in probate. It appears that this was a part of the compromise entered into among the several parties. The action of the respondent in so ordering the costs taxed in pursuance of such agreement was not without jurisdiction and invalid.

III. In this action the petitioners also urge that in the probate proceedings the respondent erred in "approving the final report and appointing Sarah Salomon guardian, and also

 in issuing letters of guardianship to Sarah Salomon of the person and property of Elias Salomon, incompetent,'' without notice to said incompetent. The orders in the probate proceeding were not entered at the same date as the order of dismissal in the partition suit, of which complaint is made. Whether a party can in one action in certiorari seek to review in this court rulings made in two separate and distinct actions, even though it be between the same parties, and although made by the same court or judge, is a question not raised in this action, and hence we make no pronouncement in relation thereto. It is sufficient to state, however, that the probate court had jurisdiction of the subject-matter of the guardianship proceeding. The orders of which complaint is made were not invalid and void and without jurisdiction. In any event, the guardian ad litem appointed in the *partition* suit was in no way a party to the proceeding in the *probate* matter, and cannot question the orders therein made by this action. The substitution of a guardian in the probate matter for the guardian whose final report had been approved, and who had been discharged, was made with the knowledge, consent, and acquiescence of the ward, who himself petitioned for the appointment of a guardian in the original action.

We fail to find that any error occurred in the matters complained of that can be reviewed in this proceeding in certiorari. The petition is, therefore, dismissed.

The motion to strike submitted with the case is overruled. —*Writ dismissed and orders affirmed.*

MORLING, C. J., and EVANS, STEVENS, DE GRAFF, and WAGNER, JJ., concur.

KINDIG, ALBERT, and GRIMM, JJ., specially concur.

KINDIG, J. (specially concurring).—I concur in the result on the theory that the present proceeding is in certiorari, but I dissent from that portion of the discussion which indicates that a guardian may bind his ward in settlement of litigation without authorization from the district court or a judge thereof. Such compromise and settlement amounts to the management of the ward's affairs. Hence, under the provisions of Section 12581 of the 1927 Code, it can be done only ''under

proper orders of the court or a judge thereof,'' after due application therefor.

In *Kreamer v. Wendel,* 204 Iowa 20, cited in the opinion, there was an application to the court for authority to compromise, and thereupon the district court duly made a formal order authorizing the settlement. Order of court in the premises is something more than a mere verbal statement by the judge. Some entry must be made on the records which makes the authorization an official order, as distinguished from a mere informal consent, orally stated, and not rising to an official sanction.

ALBERT and GRIMM, JJ., join in this special concurrence.