In re Guardianship of Mary Hruska.

Harold Hruska et al., Applicants, Appellants, v. William Fahey, Guardian, Resistor, Appellee.

No. 45624.

June 17, 1941.

Rehearing Denied September 19, 1941.

Grimm, Elliott, Shuttleworth & Ingersoll, for appellants.

Yessler, Liddle & Fahey and L. D. Dennis, for appellee.

GARFIELD, J.—One Joseph Hruska died in 1919, leaving a widow. Frances, a son, Harold, and a mentally incompetent daughter, Mary. In June, 1919, Otto Sikora was appointed guardian of the property of Mary upon the application of Harold. This appointment was in all respects regular. Sikora continued to act as guardian until his death on May 8, 1940. On May 11, 1940, one William Kacena was appointed administrator of the estate of Sikora. On May 13, J. U. Yessler, who had acted throughout as attorney for the guardian, Sikora, prepared and presented to the district court in which the guardianship was pending an application by Kacena, administrator, for appointment of a guardian for Mary Hruska to succeed Sikora. Pursuant to that application, William Fahey, a law partner of Yessler, was appointed successor-guardian on May 13th by an ex parte order. No notice was given the incompetent nor anyone else, nor was a guardian ad litem appointed for the incompetent.

Upon the death of Sikora he had under his control as guardian $6,134 and a building located in Cedar Rapids. He also held $10,320 under the following circumstances. The will of Joseph Hruska provided that Frances Hruska, and after her death, Harold, should pay Mary $300 per year during her lifetime so long as she remained incompetent. In case Mary regained her sanity she was to be given the sum of $10,000, in which event the yearly payments of $300 were to terminate. These provisions for the benefit of Mary were made a lien on all the real estate left to Frances and Harold. In order to remove this lien, a contract was entered into in January, 1921, as a result of which $10,000 in cash was placed with the guardian from funds which otherwise would have gone to Frances and Harold, to secure the performance of the testamentary provisions for the benefit of Mary. This contract was approved by the probate court, which in effect ordered the money held by the guardian

as security in lieu of the lien against the real estate created by the will. Frances Hruska, surviving widow of Joseph, died in 1932. Consequently, under the will, whatever was left of this fund originally amounting to $10,000, upon the death of Mary, would go to Harold.

Two days after the order was made appointing Fahey as successor-guardian, Harold and one William F. Hruska, a cousin of Harold and Mary, filed an application to set aside the appointment of Fahey, principally on the ground that no notice was given of the application for his appointment. This application prayed for the appointment of the cousin, William F. Hruska, one of the two applicants, as successor-guardian in place of Fahey. The ward, Mary, was confined in the State Hospital for the Insane at Independence. Due and legal notice of the application to set aside the order appointing Fahey was served on the incompetent Mary and a guardian ad litem was appointed for her who made answer. The application was heard and overruled by the court in January, 1941. Applicants have appealed.

 The principal point relied upon by appellants is that the order appointing Fahey as successor-guardian is a nullity because made without notice to the ward or to any other party.

It must be conceded that upon original appointment of either a temporary or permanent guardian for a person of unsound mind, notice to the alleged incompetent is necessary. Sections 12619, 12620, Code, 1939. But notice would be necessary even though the statute did not specifically provide therefor. McKinstry v. Dewey, 192 Iowa 753, 185 N. W. 565, 23 A. L. R. 587, and cases cited; 25 Am. Jur. 30, section 40; Annotation 23 A. L. R. 594. Statutes authorizing such appointment without notice have been held invalid as in violation of due process. Hunt v. Searcy, 167 Mo. 158, 67 S. W. 206, 32 C. J. 655, section 256. It may at once be conceded, therefore, that if this were an original appointment it would be a nullity because made without notice.

No statute requires notice for the appointment of a successor-guardian. But appellants argue that notice is required in order to supply due process and by fundamental rules of the com-

mon law. It seems to us, however, that the appointment of a successor-guardian presents quite a different situation than the original appointment upon an adjudication of incompetency. It is at the time of the original adjudication that the status of the ward is fixed and he is deprived of the control of his property. We hold that the appointment of Fahey as successor-guardian was not void even though made without notice.

The only Iowa case dealing with the necessity of notice for the appointment of a successor-guardian is Salomon v. Newby, 210 Iowa 1023, 228 N. W. 661. There a previous guardian was discharged and another substituted for him without notice to the incompetent, although the ward knew of and acquiesced in the substitution. The court says (page 1030 of 210 Iowa, page 664 of 228 N. W.):

"It is sufficient to state, however, that the probate court had jurisdiction of the subject-matter of the guardianship proceeding. The orders of which complaint is made were not invalid and void and without jurisdiction."

In Chaloner v. Sherman, 242 U. S. 455, 461, 37 S. Ct. 136, 138, 61 L. Ed. 427, 436, we find the following:

"The order of November 19, 1901, accepting Butler's resignation as committee and appointing defendant in his place, was made by the court without notice either to the plaintiff [incompetent] or to the other parties to the original proceedings. But this was a mere substitution of one officer of the court for another. No substantial right of the plaintiff was affected. Due process does not require notice and opportunity to be heard in such a proceeding; and the irregularity, if any, was not such as to prevent the court from exercising jurisdiction to determine the matter."

Ekblad v. Linderholm, 102 Kans. 3, 169 Pac. 555, and Johnson v. Gustafson, 96 Kans. 630, 152 Pac. 621, are cases similar to the instant case, where the court holds that a successor-guardian for an incompetent who has previously been adjudged of unsound mind may be appointed without further notice. See also as supporting the conclusion herein reached Foran v. Healy,

73 Kans. 633, 85 Pac. 751, 86 Pac. 470; Heckman v. Adams, 50 Ohio State 305, 34 N. E. 155; Swope's Admr. v. Frazier, 18 Ky. Law Rep. 649, 37 S. W. 495; Brown v. F. & D. Co., Tex. Civ. App., 76 S. W. 944; Crosbie v. Brewer, 68 Okla. 16, 158 Pac. 388, 173 Pac. 441; In re Chambers, 46 Okla. 139, 148 Pac. 148; 32 C. J. 655, section 256.

There is considerable authority holding that where one has been regularly adjudged of unsound mind, pursuant to notice and hearing, no additional notice to the incompetent is necessary to the appointment of a guardian unless, of course, it be required by statute. Logue v. Fenning, 29 App. D. C. 519, 527; Oster v. Meyer, 113 Ky. 181, 67 S. W. 851, 852, 23 Ky. Law Rep. 2455.

The only authorities cited by appellants which they claim to be directly in point are Allis v. Morton, 4 Gray 63, 70 Mass. 63 (1855), and Willworth v. Leonard, 156 Mass. 277, 31 N. E. 299 (1892). These decisions seem to be largely based upon a construction of the Massachusetts statutes which were held to require notice. In connection with these two cases, see Brigham v. Boston & Albany R. R. Co., 102 Mass. 14.

Appellants also argue that Sikora was not only guardian of the incompetent but was trustee of the $10,320 fund for the benefit of Harold and that before a successor could be appointed notice must have been given to Harold. This contention is without merit. We think the relation between Mary's guardian and Harold was not that of trustee and beneficiary. This fund in the first instance came into the hands of the guardian as such from the executor of the estate of Joseph Hruska and was security for the benefit of Mary. If the incompetent should regain her mentality, this fund would go to her. The mere fact that the money would ultimately go to Harold upon the death of Mary, provided she does not recover her sanity, is insufficient to constitute Harold a beneficiary of the fund.

Appellants contend that the appointment of Fahey is a nullity because no guardian ad litem was appointed for the incompetent in connection therewith. We think, however, after the original adjudication of incompetency and the appointment of a guardian has been made upon proper notice, appointment

of a guardian ad litem and hearing, the matter of substitution of guardians does not require the appointment of a guardian ad litem. In any event, the failure to appoint a guardian ad litem here is not more than a mere irregularity at most. See Jones v. Schaffner, 193 Iowa 1262, 1275, 188 N. W. 787.

The final contention of appellants is that the court erred in refusing to appoint William F. Hruska as guardian in lieu of Fahey. Our conclusion as to the validity of the order appointing Fahey perhaps makes it unnecessary for us to consider this contention.

The matter of who is to act as guardian rests very largely in the sound discretion of the court making the appointment. 25 Am. Jur. 23, section 26; In re Guardianship of Waite, 190 Iowa 182, 180 N. W. 159; In re Guardianship of O'Connell, 102 Iowa 355, 71 N. W. 211; Lawrence v. Thomas, 84 Iowa 362, 51 N. W. 11. Without discussing the matter in detail, we think upon a careful consideration of the record that no abuse of discretion has been shown by the refusal of the trial court to appoint William F. Hruska. The record shows the trial judge was familiar with this guardianship. He saw and heard the parties and the witnesses and appears to have given the matter careful consideration. We are not disposed to interfere.

We are unable to see how the incompetent has been deprived of any substantial right by the order appealed from. She was confined in the State Hospital for the Insane. No claim is made that she is of such mentality that notice to her would have accomplished any good except as others might perhaps have acted for her. Two days after the order appointing Fahey was made, the application to set the same aside was filed. Due and legal notice was served upon the incompetent of this application. A guardian ad litem was appointed for her who filed answer and full hearing and trial upon the merits was had. There can be no claim but what the court properly acquired jurisdiction over the incompetent in connection with this hearing.

The court could and presumably would have set aside the previous appointment of Fahey and appointed William F. Hruska in his place if the best interests of the guardianship had warranted such action. The order overruling the applica-

tion in effect amounts to a ratification of the order appointing Fahey.

The judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.