## JOSEPH S. REED *et al.*

### *v.*

## THOMAS C. BOYD *et al.*

1. MECHANICS' LIEN—*statement of time of payment and for completing work.* A petition for a mechanic's lien which alleges that payments were to be made in installments of ten per cent from time to time, as the work progressed, and fully made when the work was completed, and that the work was to be completed in three years, without fixing any precise day, is substantially good.

2. SAME—*statute does not require a day to be named for completing contract.* The statute does not require that a particular day shall be named in a contract of a mechanic to render it valid as a lien, but simply provides that the time for completing the work shall not be extended for a longer

period than three years, nor the time for payment beyond the period of one year from the time fixed for completion.

3. SAME—*statement of sum due.* A statement in a petition for a mechanic's lien, that the amount due on the work and materials, according to the contract, was $13,248.94, on which there had been paid $6550.02, leaving a balance due petitioner of $6705.92, and interest thereon, according to a bill rendered and approved by the defendant, is substantially sufficient, as to the sum due.

4. SAME—*of the decree—sale of building and defendants' interest in lot.* Where a petition for a mechanic's lien alleges that the house built belonged to the defendants procuring the labor and materials, and that they had a leasehold interest in the ground on which it was erected, and this fact is admitted by the default of the owners of the ground, a decree ordering the sale of the house with the interest of the lessees in the land, in default of payment of the sum found due, is proper. The decree ·and sale in such case will not affect the interest of the parties holding the reversion in the land.

5. ERROR—*assigning errors affecting co-defendant only.* One defendant can not urge error as to another who is not complaining, unless it prejudices his rights.

6. SUMMONS—*referring to cause as in chancery when on law docket.* A proceeding to enforce a mechanic's lien being, in fact, governed by the chancery practice, though required to be placed on the law docket, it is no valid objection that the summons refers to the petition as being in chancery.

7. SAME—*alias need not name defendants served.* Where all the defendants except one are served with process, an *alias* summons as to the one not served, which states the names of all the petitioners, and contains the name of such unserved defendant as impleaded with C D, etc., without naming the other defendants, will be sufficient.

·WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

This was a petition by Thomas C. Boyd and James J. Bufton, against Joseph S. Reed, Joseph E. Moss, Margaret E. Gulliver, Francis Peabody and Benjamin E. Gallup, to establish and enforce a mechanic's lien. The material facts of the case are stated in the opinion of the court.

Messrs. PADDOCK & IDE, for the plaintiffs in error.

Mr. S. ASHTON, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Defendants in error, about the 26th of July, 1872, as they allege in their petition, "entered into a verbal agreement with Joseph S. Reed and Joseph E. Moss, of Chicago, to furnish the materials and do the work for the plumbing and gas-fitting for the building known as the 'Briggs House,' then by the said Reed and Moss being erected on the corner of Wells and Randolph streets, Chicago, whereby the said Reed and Moss agreed with petitioners to pay petitioners the sum of ten per cent upon the cost of all such work and materials, from time to time, as the work should progress, and to be fully paid when the work was completed."

The petition further alleges, that they furnished the materials and performed the work and labor as agreed upon by the parties; "that materials were all furnished and labor all finished and completed and accepted, upon said building, on or about the 3d day of May, 1873, and said Reed and Moss have failed to keep their agreement and pay said sum agreed therefor, though often requested."

The petition further avers, that the amount due petitioners for the materials, work and labor, according to the agreement or contract, was the sum of $13,248.94, upon which has been paid to them the sum of $6550.02, leaving a balance due them, according to the agreement, of $6705.92, and interest thereon, according to a bill rendered and approved as correct by Moss, etc., which last named sum Reed and Moss had repeatedly promised to pay; and they "aver that the time for the furnishing the said materials and doing said work and labor and completing the said agreement or contract, was for a period not longer than three years, nor the time of payment therefor the period of one year from the completion thereof, as by the statute in such case made and provided."

The petition alleges, "that said Reed and Moss were and are the owners of said building, and which said building was erected on and stands upon the south 122 feet," etc., "and is known as the 'Briggs House,' as aforesaid, and that said Reed

and Moss have an interest in the ground upon which said building stands, by way of leasehold, but to what extent and of what duration petitioners are not advised, and that said agreement or contract is good in said Reed and Moss." It is further alleged, that petitioners are informed and believe, and state the same to be true, that Margaret Gulliver, Francis B. Peabody and Benjamin E. Gallup have or claim some interest in the premises and the building thereon, but of what character and to what extent they were not fully advised, and they are made defendants, and there is a prayer that they may be required to answer the petition and set forth the character and extent of their interest and claim to the premises and building, if any they had. There is, also, a prayer for the establishment of a mechanic's lien, under the statute, and a sale of the property.

A subpœna was issued and served on all of the defendants but Margaret E. Gulliver. At the October term, 1874, Reed and Moss interposed a demurrer to the petition, which was overruled. A subpœna having been subsequently served on Margaret E. Gulliver, she, and Peabody and Gallup were, on the 20th day of January, 1876, having failed to plead, defaulted, and the petition was taken as confessed against them, and Reed and Moss having abided by their demurrer, the court proceeded to find the amount due petitioners, and ordered the sale of the Reed and Moss interest in the house, and lot on which it is situated.

Moss and Peabody bring the record to this court on error, and ask a reversal of the decree. They assign numerous errors, a portion of which are not pressed on the argument. We shall, therefore, confine ourselves to such only as counsel have discussed.

It is urged that the petition was insufficient, because it is claimed it alleged no time was specified within which the materials were to be furnished, the labor to be performed, or the money to be paid. It is distinctly alleged, that the payments were to be made in installments of ten per cent, from time to time, as the work should progress, and to be fully paid when

the work was completed; and it was alleged that the work was to be completed within three years. Now this fixes no precise day when it was to be completed, but it did specify a time within which the work was to be finished.

It is perfectly obvious to our minds that, under the statute of 1845, where parties make a contract, and it is specifically agreed that the materials shall be furnished and the labor performed within three years from the time, it would create a lien, under that statute, independent of the enactment of 1861. The statute does not require that a particular day shall be named in the agreement, to render it valid as a lien. The statute expressly provides that the time for completing the work shall not be extended for a longer period than three years, nor the time for payment beyond the period of one year from the time stipulated for the completion thereof. The allegation is strictly in conformity to the language and spirit of the statute. The allegation is not very formal, but it does state, as the statute requires, that the contract was to be performed within the statutory period; and we must hold that it is a substantial compliance with the statute. Even if all that is said in *Fish* v. *Stubbings*, 65 Ill. 492, is correct, which may be doubted, still, here, there was a time fixed for the payment, not a specified day, but a time within the limited period of the statute. The petition, though not formal, we think, was, in this regard, sufficient in substance.

It is urged that the petition does not, with sufficient exactness, allege that anything was due on the contract. It would seem to be impossible for any person to read the allegation, and not understand that it was charged that Reed and Moss were indebted to petitioners in the sum of $6705.92 and interest thereon, and that it was admitted to be due by Moss. Other and more specific language might have been employed to express the same idea, but the fact of indebtedness and its amount is stated, and so that it can not be misunderstood. The indebtedness is admitted by the demurrer, and the allegation must be regarded as substantially sufficient.

It is insisted that the summons to Kane county, for Marga-

ret E. Gulliver, did not so identify the case as to give the
court jurisdiction to enter a default. The power to enter a
default against the other defendants, in nowise depended on
the summons against, or the service upon her. They had
been duly served, and had, for many terms thereafter, wholly
failed to answer or interpose any defense, and were in default,
and the petition as to them was properly taken as confessed.
She is not here complaining, and her rights in nowise
concern them, and they can not be heard to allege error for
her, unless it prejudices their rights, which does not appear
from this record. It is said, the petition referred to in the
summons is stated to be on the chancery side of the court.
We fail to see that there is any inaccuracy in the statement,
as the statute provides that this character of cases shall pro-
ceed according to the chancery practice, so far as the same
shall be applicable. This would seem to leave no question on
that position. Nor can the fact that the statute requires it to
be placed on the common law docket change the nature of a
cause. It is immaterial whether it is on one docket or another.
Its position on the docket can not change its nature or its
inherent qualities.

It is said, the summons did not name all of the defendants,
but only the name of Margaret E. Gulliver, impleaded with
Joseph S. Reed, etc. It properly named the petitioners.
Had she examined, there would not have been the slightest
difficulty in finding the case on the docket, as the papers are
filed in the case. The summons referred her to a summons
issued to Cook county, and by turning to it she would have
readily found what was included in the "etc." This case is
wholly unlike the case of *Richardson* v. *Thompson*, as, here,
all the parties named are properly described, whilst in that,
the summons was against John Richardson, and was served
on Zaccheus Richardson, and the *alias* was against both de-
fendants and was served on one, but which of them, did not
appear.

It is urged, the decree is erroneous, in ordering a sale of
the building, with the interest "which Reed and Moss had in

and to the land, at the day, year and time aforesaid," etc. The decree had found the amount due petitioners, had ordered its payment within a specified time, and the order of sale required, in case of default in payment, that the house, with Reed and Moss' interest in the land on which it stood, should be sold as above stated. We are unable to see the slightest error in this decree. The petition alleged that the house belonged to them; that the materials and labor had been expended on the house, and that they had a leasehold interest in the ground on which it was situated, and that a portion of the sum to be paid for making the improvement was due and unpaid, and this the demurrer admitted. There was, undoubtedly, a lien created on the house and leasehold interest in the ground, and the statute authorizes its sale on default in payment. We do not perceive what other or different decree the court could have rendered. We regard it as strictly in conformity to the statute.

It is urged that it was error to decree the sale of the interest of Reed and Moss, without, on the face of the decree, disposing of the interest of the other defendants. This may, possibly, be a want of the merest form, but, if so, the objection is hypercritical. There was a final decree, which subjected the interests of Reed and Moss to sale. The decree in nowise pretended to affect the rights of the others, unless it might be they had some interest in the house, or by changing their tenants under any lease they may have given to Reed and Moss. They laid by, and failed to disclose any interest of theirs which would be inequitably or unjustly affected by granting the prayer of the petition. By failing to answer when ample time had been given them for the purpose, they, in effect, admit that their interest would not be impaired by selling the house as the property of Reed and Moss, as it was alleged to be in the petition, and was confessed by the decree *pro confesso.* These interests were disposed of by the decree, as the court did not subject them to the payment of petitioners' claim, nor did it decree any lien beyond any interest they held in the house. Defendants in error could not, by any subsequent proceeding,

procure a decree of a sale of any other interests than were ordered to be sold by the decree.

We have, perhaps, given more prominence to the objections raised than they deserve, as there is no force in them. The other objections raised by the assignment of errors are devoid of any force, and hence we refrain from their discussion. Some of them are so obviously frivolous, that counsel have not urged them in argument.

Perceiving no error in this record, the decree of the court below must be affirmed.

*Decree affirmed.*