EUGENE QUARTIER

*v.*

PETER DOWIAT.

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. PLEADING—*nature of petition is determined from its allegations, form and the relief prayed.* If the allegations of a petition clearly show that it is a petition to contest an election, the facts that it is endorsed "Bill in chancery; petition to contest election," and that a portion of the prayer is for "such other relief as equity, justice and the good conscience of this court will grant," do not determine the character of the petition as a bill in chancery.

2. SAME—*when failure to enter a formal order overruling demurrer is not fatal.* Where a special demurrer is filed to a petition to contest an election on the ground that the petition is a bill in chancery and that courts of chancery have no jurisdiction in such cases, and is considered together with a motion to transfer the case to the common law docket, which is allowed, and a plea in abatement is filed after the case is transferred, failure to enter a formal order overruling the demurer is not fatal.

3. ELECTIONS—*rules of chancery apply to an election contest though the proceeding is purely statutory.* A proceeding to contest an election is purely statutory and is not regarded as a cause at law or in equity, and it is not error for the court to transfer the proceeding from the chancery to the common law docket; but as the rules of chancery practice apply, a plea in abatement is not proper, even though the cause is on the common law docket.

4. WAIVER—*when objection to sufficiency of service is waived.* By appearing generally and demurring to a petition to contest an election the defendant waives any ground of objection to the sufficiency of the service, and also the right to afterwards enter a special appearance and object to the jurisdiction of the court over his person.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding.

BUCKINGHAM & DYSERT, and A. A. PARTLOW, for appellant.

PENWELL & LINDLEY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a proceeding instituted by the appellee in the circuit court of Vermilion county to contest the election of the appellant to the office of president of the board of trustees of the village of Westville. A petition was filed with the clerk of the said circuit court, which, after alleging many grounds why the appellant should be declared not duly elected and why the appellee should be declared elected, contained the following prayer: "Your petitioner further represents that on a count of the ballots cast by the electors your petitioner would have a clear majority, and he asks that such relief be granted as is provided by the statute in such cases made and provided, and for such other relief as equity, justice and the good conscience of this court will grant." The petition concluded as follows: "Your petitioner further asks that upon a re-count of said ballots as provided by law he be declared duly elected president of the village of Westville, and the declaration of the said judges that the said Eugene Quartier has been elected be annulled and canceled." A regular form of chancery summons was issued, which ordered the appellant "to answer unto Peter Dowiat in his certain bill of complaint, being a petition to contest election, filed in said court on the chancery side thereof," and was served as a chancery summons. The appellant appeared and interposed a special demurrer, on the ground that the contest of an election was a statutory proceeding and that a court of chancery had no jurisdiction to hear and determine an election contest. Thereupon appellee "moved the court to direct the clerk thereof to place the cause upon the common law docket of this court at the present term thereof." The demurrer and the motion, called in the record a "cross-motion," were argued by the respective counsel together, and the court granted the motion as a cross-motion but made no formal order as to the disposition of the demurrer, and the cause was thereupon placed upon the common law docket. When the cause had been duly entered on

the common law docket the appellant presented a plea in abatement, in which he recited all of the proceedings in the cause up to that time, and urged that the court had no jurisdiction of his person for the reason that he had not been served with process, as required in common law actions. A general demurrer was sustained to this plea, and the appellant electing to stand by his plea, the court heard the cause on the merits and entered judgment in accordance with the prayer of the petition. This appeal is from such judgment.

Appellant urges that the court erred in not ruling upon and sustaining his demurrer to the petition. His contention is, that the petition filed herein was a bill in chancery; that he had been served with chancery process and that a court of chancery had no jurisdiction to hear and determine the cause, being the contest of an election. This contention is based upon that portion of the prayer of the petition "for such other relief as equity, justice and the good conscience of this court will grant," and the fact that the endorsement on the petition read, "Bill in chancery; petition to contest election," and that the form of the summons was that of chancery process. This petition was addressed to the judge of the circuit court generally,—not "in chancery sitting,"—and contained none of the ear-marks of a bill in chancery with the one exception above noted. The clause in the prayer of the petition is mere surplusage and can in no way be considered as changing the nature of the petition. The endorsement on the petition, "Bill in chancery," did not determine the nature and character of the petition, but the allegations of the petition, the form thereof and the relief asked therein would control. The allegations and the concluding paragraph of the petition clearly disclose that it was a petition under the statute to contest an election,—not a bill in chancery. The demurrer was not, therefore, well taken.

Technically, an order overruling the demurrer should have been entered, but the granting of the motion as a cross-motion, (that and the demurrer having been argued to-

gether by counsel,) clearly showed that the court acted upon the demurrer and the motion together, and regarded the decision on the motion as in effect and for all purposes as the overruling of the demurrer in the same manner, as the allowance of a cross-motion renders judgment on the motion unnecessary. In this peculiar situation, the additional fact that the appellant pleaded to the petition when placed on the common law docket being also kept in mind, the failure to enter a formal order showing the disposition of the demurrer ought not to be regarded as a fatal error.

The court did not err in transferring the cause from the chancery to the common law docket. This is a purely statutory proceeding and is not regarded as a cause at law or in equity. (*Douglas* v. *Hutchinson,* 183 Ill. 323.) In *Reed* v. *Boyd,* 84 Ill. 66, which was a suit to establish a mechanic's lien under a statutory proceeding, the statute requiring such suit to be entered upon the common law docket, we said (p. 71) : "Nor can the fact that the statute requires it to be placed on the common law docket change the nature of a cause. It is immaterial whether it is on one docket or another. Its position on the docket cannot change its nature or its inherent qualities."

The demurrer to the plea in abatement was properly sustained. Proceedings of this character are in the nature of chancery suits and the rules of chancery practice apply. (*Weinberg* v. *Noonan,* 193 Ill. 165; Rev. Stat. chap. 46, sec. 116, entitled "Elections.") Section 119 of the Election act provides the final order in a contested election case shall be a judgment declaring who is elected,—not a decree in which recitals of fact could be incorporated. In case of appeal or writ of error to reverse the same, the burden of preserving the evidence to sustain an attack on the judgment devolves on the party who questions the correctness of the action of the court.

The summons recited that the cause was on the chancery side of the court. This statement was not inaccurate, as a

proceeding of this character is governed by the chancery practice. (*Reed* v. *Boyd, supra.*) Furthermore, the appellant, by entering his appearance generally and demurring to the petition, waived any ground of objection he might have had to the sufficiency of the service, and by the same action waived the right to afterwards enter a special appearance to object to the jurisdiction of the court over his person.

The record is free from error reversible in character. The order and judgment appealed from is affirmed.

*Judgment affirmed.*