# Mary E. Moats, Appellant, v. William E. Moore, Conservator, Appellee.

1. COURTS, § 95*—*when County Court presumed to have jurisdiction.* A County Court is a court of general jurisdiction and as liberal intendment must be made in favor of its jurisdiction as of the Circuit Court.

2. COURTS, 95*—*when County Court presumed to have jurisdiction of insanity proceedings.* It will be presumed that a County Court had jurisdiction both of the person and of the subject-matter in insanity proceedings.

3. INSANE PERSONS, § 10*—*when notice to alleged insane person unnecessary in insanity proceedings.* No notice to an alleged insane person is necessary in proceedings to determine sanity where the person is brought before the court.

4. INSANE PERSONS, § 83*—*when judgment of County Court in insanity proceedings may not be impeached.* A judgment of a County Court in insanity proceedings imports verity, and it may not be impeached by parol testimony of the clerk of the court showing that no notice was issued to the alleged insane person.

5. INSANE PERSONS, § 73 *—*when question of jurisdiction of person in insanity proceedings waived.* The question of the jurisdiction of the person of an alleged insane person by a County Court in insanity proceedings is waived where such person since the adjudication of insanity presents a petition to the County Court of another county, her petition averring the existence of an order of the County Court in the insanity proceedings declaring her insane, the order of the County Court appointing a certain person as conservator and asking that the court take jurisdiction of the subject-matter and compel such conservator to render an account and that he be discharged as such conservator.

6. INSANE PERSONS—*when County Court has power to call jury to determine fitness of sane person to care for property in proceedings to remove conservator.* A County Court after a formerly insane person has been declared sane in habeas corpus proceedings, and proceedings are taken to remove a conservator, has the power to summon a jury to determine whether or not the applicant is a fit person to have the care of her property.

7. INSANE PERSONS—*when instruction in proceedings to remove conservator not misleading.* In an action by a formerly insane person who had been declared sane in habeas corpus proceedings

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to remove the conservator of her estate, an instruction setting forth the habeas corpus proceedings, the finding of the plaintiff to be sane, the rescission of the judgment of insanity, and further stating that in contemplation of law she was sane and was immediately entitled to all her rights and privileges that she had been entitled to before the adjudication of insanity, which was modified by the addition of the clause "unless other statutory causes are presented and proven by the evidence showing that the conservator appointed by petitioner ought not to be removed," *held* not misleading because not stating what the statutory causes referred to were, especially where the court stated in other instructions that if plaintiff was a spendthrift and liable to waste her property then the conservator should not be discharged.

8. INSANE PERSONS—*when County Court has jurisdiction of subject-matter of proceedings to remove conservator.* Where a resident of another county files her petition in the court of the county which appointed a conservator for her estate while she was insane, to remove such conservator the County Court of the latter county acquires jurisdiction of the subject-matter.

9. APPEAL AND ERROR, § 1408*—*when verdict not set aside as unsupported by evidence.* A verdict will not be set aside on appeal as unsupported by the evidence where there is some evidence to support it.

Appeal from the Circuit Court of Wayne county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

J. B. HARRIS and W. T. BONHAM, for appellant.

CREIGHTON & THOMAS, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This was a proceeding instituted by the appellant in the County Court of Wayne county to require a settlement of the accounts of appellee as conservator, and to order that he be discharged as such. Judgment was rendered against appellant in the County Court and she prosecuted an appeal to the Circuit Court of said county, where a trial was had that resulted in a judg-

---

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

ment against appellant, to reverse which she prosecutes this appeal.

It appears from the record in this case that appellant was a resident of Wayne county, Illinois, and that early in the year of 1913 she became sick and sorely afflicted and was taken to the Egyptian Hospital at Mt. Vernon, Illinois, about February 7th for treatment, and while undergoing treatment her physical and mental condition was such that she became deranged, and on the 17th of February, 1913, a statement of lunacy was filed in the County Court of Jefferson county, a medical commission was appointed as provided by statute and an examination made by such commission and a certificate filed that she was of unsound mind and recommended that she be committed to the Anna State Hospital. Thereupon the County Court of Jefferson county found her to be insane and ordered that she be committed to the Anna State Hospital for the insane. The appellant was at that time the owner of property estimated at over $6,000, and the appellee filed a petition in the County Court of Wayne county, together with a transcript of the order of court finding the appellant insane, and asked the County Court of Wayne county to appoint a conservator to take charge of appellant's property, and on March 11, 1913, it was ordered and adjudged by said court that the appellee be appointed conservator for appellant, and he was required to give bond in the amount of $6,000, which was given and approved by the court and letters of conservatorship issued, and appellee has from that time forward acted as the conservator of appellant.

It further appears from the record that the appellant remained in said insane hospital until the 11th day of September, 1914, at which date one J. B. Harris, attorney for appellant, directed to William N. Butler, judge of the Circuit Court of the First Circuit, a petition for a writ of habeas corpus. The petition was granted and made returnable on September 12th, at

which time appellant was taken before Judge Butler
and upon a hearing then had she was adjudged sane
and an order entered to that effect. Whereupon ap-
pellant presented a copy of said judgment of the Cir-
cuit Judge to the County Court of Jefferson county,
where the inquest was had, and procured the said judg-
ment of insanity to be rescinded and set aside. On the
19th day of September, 1914, the appellant filed her
petition in the County Court of Wayne county, accom-
panied by a certified copy of the order of court of
Jefferson county, rescinding the judgment of insanity
entered in the County Court of Jefferson county. Said
petition also alleged that the appellant had been de-
clared insane by the County Court of Jefferson county,
that the County Court of Wayne county had appointed
appellee conservator; that Judge Butler had adjudged
appellant to be sane; that the County Court of Jeffer-
son county had set aside the order heretofore entered
declaring her insane, and copies of such judgments
and proceedings were made Exhibits and attached to
the said petition. Said petition asked that an order
might be entered herein directing, ''Her conservator
William E. Moore, commanding the said William E.
Moore that the file in this honorable court within ten
days from this date a full, complete and verified report
of his acts and doings as conservator of your peti-
tioner, from the time of his appointment to the filing
of said report; that upon the approval of said report
by this honorable court, an order be entered of record
herein discharging the said William E. Moore as such
conservator, and restoring your petitioner to her
rights as a citizen, and directing that the said William
E. Moore immediately deliver to your petitioner, or
to some one thereafter authorized by her, all the prop-
erty of your petitioner in his possession, custody or
control.''

To this petition the appellee filed an answer aver-
ring that the said Mary E. Moats was not a fit person

to have the care, custody and control of her property, for the reason that she is a person who spends and wastes her estate, and is a spendthrift, and that if such property were turned over to her she would waste the same and expose herself to want and suffering. Also averring that J. B. Harris, attorney for petitioner, had obtained a judgment note from appellant for $1,000, and that the said J. B. Harris had since that time obtained a judgment upon said note against her for $1,100, including an attorney's fee of $100. And also avers that the appellant was not a bona fide resident of Madison county but that she was a resident of Wayne county, and that she had relatives and property in Wayne county, and asks that he be retained as her conservator or that some other suitable person be appointed by the court as her conservator.

The cause was tried by a jury upon the petition and answer as above set forth, and the jury returned a verdict for the appellee and against the appellant, upon which judgment was rendered by the Circuit Court of Wayne county.

Appellant seeks to reverse this order of court: First, because the appellant was never legally declared insane and that no basis ever existed for the appointment of a conservator.

It is claimed by counsel for appellant that at the time she was adjudged insane that no notice was served upon her and that she was not present at the time of the adjudication. While the County Court of Jefferson county was a court of limited jurisdiction, it was not a court of inferior jurisdiction, and was invested by the Legislature with jurisdiction in this class of cases, and as liberal intendments will be made in favor of its jurisdiction in this class of cases as will be extended to proceedings in the Circuit Court. *Fecht v. Freeman*, 251 Ill. 84.

With reference to proceedings in the Circuit Court, our Supreme Court has said: "The decree contains

no recital of notice to the defendants, either by service of process or otherwise; but the City Court of East St. Louis is a court of general jurisdiction, and from the fact that it rendered the decree the presumption arises that it had jurisdiction both as to the subject-matter and the parties to do so. It is a rule of uniform application in relation to superior courts or courts of general jurisdiction, that nothing is to be presumed to be out of their jurisdiction but that which specially appears to be so. Where the record of a judgment or decree is relied on in a collateral proceeding, jurisdiction must be presumed in favor of a court of general jurisdiction, although it is not alleged and does not appear in the record." *Horn v. Metzger,* 234 Ill. 240. We are of the opinion that it must be conclusively presumed that the County Court being one of general jurisdiction in this class of cases must be presumed to have had jurisdiction both of the person and the subject-matter.

Counsel for appellant introduced the clerk of the County Court of Jefferson county who testified that he did not issue any notice and did not know of any notices having been served. The notice provided for by statute is not required if the person alleged to be insane shall be brought before the court, and the notice to be given is such "As the court shall direct." The testimony of a witness cannot, in our judgment, be received to contradict a record, and especially so in this class of cases, as the appellant may have been brought before the court, and certainly was before the court and commission when she was examined. It would be unsafe to allow proceedings of this character to be set aside upon the bare recollections of a witness, and more especially so when the witness could not be in a position to know all that transpired. A record of this character imports verity and cannot be impeached by parol testimony. *Bishop v. Welch,* 149 Ill. App. 491.

It further appears from this record that since the appellant has been adjudged to be sane she has presented to the County Court of Wayne county her petition averring the existence of the order of the court declaring her insane, the order of the court appointing appellee as conservator, and asking the court to take jurisdiction of the subject-matter and compel such conservator to render an account, and asks that he be discharged as such conservator. We believe that after she has represented that such judgment existed and asked this court to take jurisdiction of the subject-matter and to further pass upon her rights between her and the appellee, that any question of the jurisdiction of her person in these matters is waived. *Bishop v. Welch, supra; Quartier v. Dowiat,* 219 Ill. 326. We are of the opinion that the court had jurisdiction of the person and subject-matter and the judgments and orders entered by it in declaring appellant insane and appointing the conservator, and that the point is not well taken.

The second point urged for reversal is that the County Court of Wayne county had no power after the hearing upon the habeas corpus proceeding, except to require a final report from the conservator and to remove him. By section 25, ch. 85 of Hurd's Revised Statutes (J. & A. ¶ 7270), it is provided that when a patient "Has been discharged cured, upon receipt of such notice signed by the superintendent, the judge shall enter an order restoring the patient in question to all his rights as a citizen, and, if a conservator of his estate shall have been appointed, the said conservator shall be removed." But the provision of the statute with reference to the discharging of an insane person by a writ of habeas corpus is not so broad. Section 24 (J. & A. ¶ 7269), with reference to hearings on habeas corpus, says: "If said person shall be adjudged sane, on presentation of a certified copy of said judgment to the County Court where the

inquest was had, such court shall rescind and set aside the judgment of insanity.'' It makes no provision with reference to the conservator, as the former section does; so that nothing can be done under that section of the statute with reference to the conservator when discharged by the court on a writ of habeas corpus, but by section 12 of said chapter (J. & A. ¶ 7257) it is said: ''And if such alleged lunatic shall be adjudged insane, or if it shall appear to the court that any person has been adjudged insane by the court without application for a conservator having been made, and that such lunatic is possessed of any estate, real, personal or mixed, and is still insane, in either case it shall be lawful for the court, upon petition filed for that purpose, to make an appointment of a conservator, upon the same judgment, without further proceedings, and exercise in respect thereto all the power contained in an act entitled, 'An Act to revise the law in relation to lunatics, idiots, drunkards and spendthrifts,' approved March 26, 1874, in force July 1, 1874, and all amendments thereto. And such conservator shall perform the duties and incur the liability imposed upon such act, upon conservators appointed thereunder.'' It will be remembered that under the proceedings in this case that the conservator was not appointed at the time the appellant was adjudged to be insane but afterwards and upon that finding. We are of the opinion that under section 37 of chapter 86 (J. & A. ¶ 7321), which provides that where a conservator has been appointed thereunder, ''Such person may apply to the County Court of the county in which such conservator was appointed, to have such conservator removed, and the care and control of his property, or so much thereof as shall remain, restored to him.'' Section 39 (J. & A. ¶ 7323) provides: ''It shall be the duty of the court to which any such application as provided in the foregoing section is made, on proof that such conservator has been duly notified

of such application, to cause a jury to be summoned to try the question whether such applicant is a fit person to have the care, custody and control of his or her property, and if such jury return in their verdict that such person is a fit person to have the control of such property as aforesaid, then the court shall enter an order fully restoring such person to all rights and privileges enjoyed before such conservator was appointed.'' So that it seems to us that when the question was presented by the petition of appellant asking that the conservator be removed, that the court had the power and it was its duty to summon a jury to determine whether or not she was a fit person to have the care of her property. And this is what the court did. We are not able to say that the court committed any error in so doing. Under the same objection counsel for appellant have criticised the modification of appellant's instruction No. 2. The instruction, after setting forth the proceedings of habeas corpus and the finding of the plaintiff to be sane, and that the judgment of insanity was rescinded, then proceeds to instruct the jury that in contemplation of law she was sane and was immediately entitled to all her rights and privileges that she had been entitled to before such adjudication of insanity. The court modified this instruction by saying: ''Unless other statutory causes are presented and proven by the evidence, showing that the conservator appointed by petitioner ought not to be removed.'' The criticism upon this modification is that the court failed to state what the statutory causes were that were referred to. It is true that the court did not in terms state the statutory causes but it did in other instructions, in substance, say that if the appellant was a spendthrift and liable to waste, etc., that then the conservator could not be discharged. We think the jury were not misled as to what causes were referred to; besides the instruction as presented was not good as it informed the jury that

she was entitled to all her rights and privileges upon the adjudication made by the County Court of Jefferson county setting aside its former adjudication, and we have above seen this is not all that was required to be done.

The third objection is that appellant was a resident of Madison county at the time of this hearing and that the County Court of Wayne county never acquired jurisdiction of the subject-matter because of her residence in Madison county. There was a sharp conflict in the evidence as to whether or not appellant was a bona fide resident of Madison county, but the conservator was appointed in Wayne county, and the statute under which appellant files his petition provides that when a person for whom a conservator has been appointed has been restored and shall desire the care and management of their estate, "Such person may apply to the County Court of the county in which such conservator was appointed to have such conservator removed." This is section 37, ch. 86; and section 39 then makes it the duty of the court to impanel a jury to try the question as to whether or not such applicant is a fit person to have the care and custody. We are of the opinion that when the petition was filed by appellant in the County Court of Wayne county that such court then had jurisdiction and power to determine whether or not she was a fit person to manage her estate.

It is next objected that the court erred in the admissibility of testimony and that the testimony as to her ability to care for and manage her estate was not sufficient to warrant a verdict. There were a great many witnesses testified as to the ability and want of ability .of the appellant to manage and care for her estate, but this was purely a question of fact to be determined by the jury; and as there was evidence offered by appellant which tended to show her inability to care for and manage her estate, we do not feel willing to dis-

turb the verdict upon that account. It has been said by our Supreme Court: "As there is some evidence in this record which fairly tends to support appellee's contention, this court cannot disturb that finding." *Supreme Lodge Order of Mutual Protection v. Meister*, 204 Ill. 527.

It may be true that the ruling of the court on the questions of evidence presented to it upon the trial may not have been accurate in every respect, but we have not seen nor has our attention been called to any reversible error that was committed by the court in the admissibility of evidence. "While it may be true that the ruling of the court on questions of evidence may not have been technically accurate in every instance, yet we find no such departure from the established rules of evidence as would authorize a reversal of the judgment." *Snyder v. Snyder*, 142 Ill. 60.

We cannot say that the verdict of the jury in this case was manifestly against the weight of the evidence, and unless we can so say we have no right under repeated rulings of this and the Supreme Court to disturb the finding of the jury, and we are not disposed to disturb its finding in this case.

We are of the opinion that no reversible error was committed by the court in the proceedings herein and the judgment of the lower court is affirmed.

*Affirmed.*