In re Estate of James Arthur Reisenhus, Insane. James Arthur Reisenhus, Appellant, v. Peter P. Reisenhus and American National Bank and Trust Company of Chicago, Appellees.

Gen. No. 39,795.

72

Opinion filed February 28, 1938.  Rehearing denied March 14, 1938.

Ernest A. Eklund, of Chicago, for appellant; Edwin B. Berndston and John N. Thornburn, both of Chicago, of counsel.

Gann, Secord, Stead & McIntosh, of Chicago, for appellee Peter P. Reisenhus; Loy N. McIntosh and Thomas W. O'Shaughnessy, of Chicago, of counsel.

Woodward & Tottenhoff, of Chicago, for appellee American Nat. Bank & Trust Co.; Joseph R. Tottenhoff, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

This is an appeal by James Arthur Reisenhus from an order of the circuit court of Cook county entered April 27, 1937, in a matter wherein two appeals from the probate court of Cook county had been consolidated for hearing. May 16, 1935, an order was entered by the county court of Cook county adjudging James Arthur Reisenhus to be an insane person, and he was committed to the asylum at Kankakee. The next day upon petition of the father, Peter P. Reisenhus, to the probate court of Cook county, he was appointed conservator of the person and estate of James Arthur Reisenhus and letters issued to him. September 12, 1935, the circuit court of Kankakee county entered an order finding James Arthur Reisenhus to be sane and discharged him from the asylum. September 16th the county court of Cook county, upon petition of James Arthur Reisenhus, set aside the order of adjudication entered by it May 16th. September 18th the then attorney for James Arthur Reisenhus filed a petition in the probate court of Cook county asking that the conservator be removed and the property of the estate restored to him. December 4th a jury in the probate court found that James Arthur Reisenhus was capable of

managing his own estate, and an order of restoration was the same day entered on the verdict of the jury. December 12th the father, Peter P., resigned as conservator and the American National Bank and Trust Company was appointed his successor. January 6, 1936, the probate court denied a motion of James Arthur Reisenhus to vacate the order appointing the bank successor conservator. March 4th thereafter the same court denied his motion to vacate and set aside the order of May 17, 1935, appointing the father conservator. From these orders of January 6, and March 4, 1936, James Arthur appealed to the circuit court of Cook county and these were the consolidated appeals in which the matters were tried *de novo* in that court and determined April 27, 1937. The order of the circuit court was in substance that the motion to vacate the order of the probate court accepting the resignation of the conservator and appointing the American National Bank and Trust Company successor conservator should be denied; that the motion to vacate the original order appointing the conservator should also be denied; but that an oral motion to vacate the original order of the probate court, in so far as it appointed a conservator of the person, should be allowed and the letters of conservatorship so modified.

James Arthur Reisenhus contends that the order of May 17, 1935, in the probate court was void. He says the probate court did not acquire jurisdiction either of his person or property because no notice was given to him of the application to be made for the appointment of a conservator; because no process issued or was served upon him either by way of personal service or publication. The record does not affirmatively show notice was given of the application to be made to the probate court on May 17, 1935. No process issued or was served from that court in the proceeding. The original proceeding in the county court was pursuant to sections 1–5 of chapter 85 (Ill. Rev. Stat. 1937,

pp. 1975, 1976 [Jones Ill. Stats. Ann. 77.001–77.005]). The subsequent proceedings in the probate court were based on section 12 of the same act. Section 12 provides that if the person alleged to be insane is possessed of any estate the person filing the application for an adjudication of incompetency may at the same time apply for the appointment of a conservator, and if the respondent shall be adjudged insane and if it appear to the court that any person has been adjudged insane without application for a conservator having been made, it shall be lawful for the court upon a petition filed for that purpose, to make an appointment of a conservator "upon the same judgment without further proceedings, and exercise in respect thereto all the power contained in an act entitled, 'An Act to revise the law in relation to lunatics, idiots, drunkards and spendthrifts,' approved March 26, 1874, in force July 1, 1874, and all amendments thereto." Section 12 continues: "Provided, That in any county wherein a probate court has been or may hereafter be established, upon the filing in such court of the proper petition, together with the duly certified copy of the record and the verdict of the jury, or the report of the commission of physicians, and the judgment of the county court thereon finding such person insane, such probate court may, in its discretion, without further inquest, by jury or commission of physicians, appoint such conservator. . . ."

Section 2 of ch. 86 (Ill. Rev. Stat. 1937, p. 1981 [Jones Ill. Stats. Ann. 77.104]) in part provides: "That if a person has been adjudged insane or feeble-minded in the County Court, the person petitioning the Probate Court to appoint a conservator of such insane or feeble-minded person may file in the Probate Court a duly certified copy of the record of the said County Court in such proceeding, *whereupon the Probate Court shall, without further inquest by a jury or commission of physicians, appoint a conservator.*"

By these parts of section 12 of chapter 85 and section 2 of chapter 86 provision is made for the adoption of the proceedings of the county court by the probate court where there has been an adjudication of insanity in the county court and a second trial of the same issue in the probate court is rendered unnecessary. The determination of an insane status in the county court justifies the appointment of a conservator for the property of the insane person by the probate court without further notice or process. The purpose of these provisions in chapters 85 and 86 obviously is to avoid the necessity for further process and notice and to that end the probate court is given jurisdiction and authority to adopt as its own the proceedings of the county court and the judgment rendered by it. The county court and the probate court are both created by the Constitution. Section 18 of article 6 and section 20 of article 6 of the Constitution (Ill. Rev. Stat. 1937, p. 52) prescribe their jurisdiction. The jurisdiction of the county court is distinguished by the fact that (unlike the probate court) the legislature may grant to it "such other jurisdiction as may be provided by law." Section 13 of chapter 85 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 77.013] provides:

"Jurisdiction over the *persons* of insane persons not charged with crime is vested in the county courts."

These provisions of the constitution and statutes, as we construe them, disclose an intention of the legislature that in a county where a probate court has been organized, that court shall have exclusive jurisdiction to appoint conservators of the property of the insane while the county court shall have exclusive jurisdiction over their persons. While chapters 85 and 86 are in a way independent of each other, the provisions we have noticed show that they are in fact complementary to each other. We gather from these that in a county where a probate court has been organized, such court

may in its discretion adopt the proceeding wherein the county court has adjudicated any person to be incompetent or insane.

In this case the propriety of the proceeding in the county court is not questioned nor is the jurisdiction of the court challenged in any way. Respondent does not deny that the county court had jurisdiction to enter the order of May 16, 1935, by which he was adjudged to be an insane person. He contends, however, that notwithstanding the order of the county court the probate court was without jurisdiction to adopt these proceedings of the county court and appoint a conservator for his property without notice to him by way of service of process, by publication, or otherwise. He calls attention to section 2 of chapter 86 which expressly provides that upon any petition for the appointment of a conservator the cause shall be set for hearing, summons issued and service thereof had upon the person for whom the conservator is to be appointed. He contends that if section 2 of chapter 86 and section 12 of chapter 85 are construed to authorize the adjudication of the personal or property rights of an insane person without notice or process, then the whole of the chapters is unconstitutional as being in contravention of section 2, article 2 of the State Constitution and the 14th amendment to the Federal Constitution. In other words, respondent contends that his constitutional rights require that even in a case where the probate court adopts the proceedings and judgment of the county court it must nevertheless, as a condition precedent to the exercise of its own judgment, cause process to be served upon a respondent before appointing a conservator for his property. We cannot accept this view. It is unnecessary to discuss in detail the numerous cases cited by respondent stating the general rule that notice is a necessary element of due process of law; that an order entered by a court, though of

competent jurisdiction, is null and void if the court fails to acquire jurisdiction of the person with respect to whom, or of the thing with respect to which, the order was entered; that notice is necessary whether the proceeding is one *in rem* or *in personam*. Most of these cases are considered in *McCormick v. Blaine,* 345 Ill. 461, and *Joost v. Racher,* 148 Ill. App. 548, upon which respondent relies. The determinative thing here is that the legislature has by statute authorized the probate court to adopt the proceedings of the county court in its discretion and that it was so adopted in this case. The proceeding in the county court is not questioned in any way, nor is it asserted that in the adjudication of that court any necessary element of due process of law was disregarded. We hold that the legislature had the power to provide that the probate court might adopt such proceeding in the county court in its discretion, and that in the exercise of the power granted by the legislature there was no violation of the constitutional rights of the respondent although no notice was served on him of the application made to the probate court. Having received due notice of the proceeding in the county court a notice of the proceedings to be had in the probate court would have been useless. The precise question does not appear to have been hitherto decided, but the courts of this and other States have so held in cases which (while not precisely similar) are analogous. *Moats v. Moore,* 199 Ill. App. 270; *Foran v. Healy,* 73 Kan. 633, 85 Pac. 751; *Oster v. Meyer,* 113 Ky. 181, 67 S. W. 851; *Sporza v. German Savings Bank,* 192 N. Y. 8, 84 N. E. 406; *In re Walker,* 57 App. Div. 1, 67 N. Y. S. 647. *McCormick v. Blaine,* 345 Ill. 461, is wholly different from this case on the facts and therefore not applicable. In the *Sporza* case the New York court considers at great length the history of proceedings for the care of the insane in England and in the colonies in America and the legal principles applicable thereto. Speaking of the right

of the party there involved to notice of a proceeding for the appropriation of a part of her property, the court said: "If she had been adjudged to be insane, then she has been deprived of no constitutional right; for, being an insane person, she had become a ward of the Supreme Court, which had succeeded to the powers of the chancellor, and the custody of her person and property became subject to the control and management of the court through its specified agents appointed for that purpose. She is not deprived of her liberty or property . . . , for as we have seen, she has been duly committed in accordance with the provisions of the statute upon an order of the court. She is not deprived of her property, for the court undertakes its care and management in her behalf and for her benefit."

In *People v. Niesman,* 356 Ill. 322, our Supreme Court, in the discussion of a case involving a somewhat similar situation, said: "An orderly proceeding in which a person is served with notice, actual or constructive, and has an opportunity to be heard and to protect and enforce his rights before a court having power to hear and determine the cause, is due process of law. (*City of Chicago v. Cohn,* 326 Ill. 372; *People v. Cohn,* 219 Ill. 200.)"

We hold no notice to respondent of the application to the probate court for the appointment of a conservator was necessary. We hold the legislature did not intend that any such notice should be a condition precedent to such appointment after the adjudication of insanity by the county court. This view is confirmed by the fact that in proceedings for the sale of the ward's real estate the statute expressly provides that notice to the ward shall be given not only personally but by publication. (Ill. Rev. Stat. 1937, ch. 86, sec. 25, p. 1985 [Jones Ill. Stats. Ann. 77.127].) Thus it seems that where the legislature thought notice necessary the manner in which it should be given was prescribed.

It is argued in behalf of the bank and the conservator (plausibly we think) that respondent, through presentation of his petition to the probate court averring the existence of an order in the county court adjudging him to be insane, and the further order in the probate court appointing a conservator, has waived all questions of jurisdiction and any right he may have had to make objection to the manner in which the jurisdiction was exercised. It has been so held in *Moats v. Moore,* 199 Ill. App. 270; *Bishop v. Welch,* 149 Ill. App. 491, and this is the general rule as stated in *Quartier v. Dowiat,* 219 Ill. 326, and many other cases. We hold the circuit court did not err in refusing to hold the order of May 17, 1935, appointing Peter P. Reisenhus conservator to be void for lack of jurisdiction in the probate court. The circuit court, recognizing an oral motion as raising the question, adjudged such order to be void in so far as it appointed a conservator for the person of the respondent and no complaint is made here of that ruling.

James Arthur Reisenhus further contends that the circuit court erred in denying upon appeal his motion to vacate the order appointing the bank successor conservator. If the order of the probate court appointing a conservator was valid, as we have just held, then there was no error in denying this motion for the reason that section 39 of chapter 86 (Ill. Rev. Stat. 1937, p. 1986 [Jones Ill. Stats. Ann. 77.142]) provides: "No application shall be entertained for the removal of any conservator appointed for any person under the provisions of this act, within less than one year from such appointment, unless for neglect of duty or mismanagement of his trust."

The appointment of the successor conservator was in conformity with paragraphs 34 and 35 of chapter 86, which provide for the resignation of conservators and the appointment of their successors. The one year from the date of the original appointment had not ex-

pired when the successor conservator was appointed. The probate court was, therefore, by express provision of the statute, without power to entertain the motion of respondent.

Respondent also complains that upon the trial in the circuit court evidence offered tending to show that at the time letters of conservatorship issued to him, Peter P. Reisenhus failed to disclose to the court that he was indebted to the petitioner in excess of $20,000 was excluded. The record shows that Peter P. Reisenhus resigned and the bank was appointed his successor. The question at issue in the probate court and in the circuit court was whether the order appointing the bank successor conservator should be set aside. On that issue this offered evidence was immaterial.

The order of the circuit court is affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.